■ HOLIDAY INVESTORS CORP., Respondent, v M. BREGER & Co., INC., Appellant.—In an action to compel specific performance of a contract to sell real property, defendant appeals from (1) an order of the Supreme Court, Queens County (Lerner, J.), entered December 7, 1984, which denied its motion (a) to vacate plaintiff's note of issue, (b) to permit defendant to interpose an answer and counterclaim, and (c) to vacate and annul a lis pendens filed against the subject property on or about April 15, 1983, and (2) so much of a further order of the same court, entered January 14, 1985, as, upon reargument, adhered to its original determination.

Appeal from the order entered December 7, 1984, dismissed, without costs or disbursements. That order was superseded by the order entered January 14, 1985, granting reargument.

Order entered January 14, 1985, reversed insofar as appealed from, as a matter of discretion in the interest of justice, without costs or disbursements, order entered December 7, 1984, vacated, and defendant's motion granted in its entirety. The time for defendant to serve its answer to the complaint is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry.

We find that a meritorious defense has been set forth in the proposed answer, and that, under the totality of the circumstances, the default in answering the complaint was attributable to law office failure. Moreover, plaintiff has not shown any prejudice which would result from vacatur of the default. Accordingly, defendant should be permitted to defend this action on the merits.

Additionally, the second lis pendens filed against the subject property should be canceled. A prior notice of pendency regarding the same property and contract of sale was canceled due to improper service of process. Successive filings of notices of pendency under such circumstances are improper, and may not be permitted to stand (see, Israelson v Bradley, 308 NY 511). Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.