■ Mario Chiulli et al, Respondents, v Cross Westchester Development Corp. et al., Appellants.—In an action, *inter alia,* to compel specific performance of a contract to sell real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered August 11, 1986, as denied their motion, *inter alia,* to vacate and annul a notice of pendency filed against the subject property on December 2, 1985.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the fourth decretal paragraph thereof which denied that branch of the defendants' motion which sought to cancel the notice of pendency filed on December 2, 1985, is stricken, and a provision granting that branch of the defendants' motion is substituted therefor.

The second notice of pendency filed against the subject property on December 2, 1985, must be canceled. A prior notice of pendency regarding the same property was properly canceled due to the plaintiffs' failure to effect service of the summons within 30 days of the filing of the notice of pendency *(see,* CPLR 6512, 6514 [b]). The action underlying the second notice of pendency, which seeks specific performance of a contract for the conveyance of the subject property, proceeds upon the same contract and theory as the cause of action underlying the first notice of pendency. The addition of an allegedly new plaintiff was more a change of form than of substance. Under the circumstances, successive filings of notices of pendency cannot be permitted to stand *(see, Israelson v Bradley,* 308 NY 511; *Holiday Investors Corp. v Breger & Co.,* 112 AD2d 979). Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.