■ BONDED CONCRETE, INC., Respondent, v EDWARD J. JOHNSON, JR., et al., Appellants. [720 NYS2d 227] —Spain, J. Appeal from an order of the Supreme Court (Keniry, J.), entered November 16, 1999 in Saratoga County, which, inter alia, denied defendants' motion for an order canceling the notice of pendency.

This action arises out of a written lease whereby plaintiff obtained possession of a parcel of property owned by defendant Edward J. Johnson, Jr. and located in the Town of Wilton, Saratoga County. The leased premises are simply described in the lease as "[b]uilding #4, end bay, and stockpile areas to be mutually agreed upon." The lease also includes a clause giving plaintiff a right of first refusal to the property. Approximately two weeks after the lease was signed, the parties created a hand-drawn map to depict which "end bay" is referenced in the lease and that map was attached to the lease. Johnson contends that the half-acre parcel described by the map was intended to reflect the entire area covered by the lease and subject to plaintiff's right of first refusal. Plaintiff disagrees,

asserting that the map was never made a part of the lease and that its rights under the lease extend to Johnson's entire 30-acre parcel, as evidenced by improvements that plaintiff made to the entire property.

In October 1998, Johnson advertised for the auction sale of the property. Thereafter, plaintiff insisted that Johnson execute and record a memorandum of lease prior to the auction sale to place potential purchasers on notice of plaintiff's rights under the lease. Johnson refused and, on October 30, 1998, plaintiff filed a notice of pendency and commenced an action against Johnson alleging that his failure to execute the memorandum of lease constituted a breach of the lease, and seeking enforcement of plaintiff's first refusal right.

The auction occurred as scheduled on October 31, 1998 but the property did not sell. At that point, plaintiff apparently ceased pursuit of the lawsuit and instead began negotiations to purchase the property. Significantly, because plaintiff never effected service on Johnson in connection with the lawsuit within the prescribed time limit, the notice of pendency became ineffective (see, CPLR 6512). Johnson thereafter sold the property—subject to plaintiff's lease—to defendant Ballard Road Development L. L. C. Plaintiff then commenced this action against Johnson, alleging that Johnson's sale of the property constituted a breach of contract, and against Ballard, alleging tortious interference with contractual relations, seeking rescission of the sale and damages. Plaintiff also filed a second notice of pendency against the entire 30-acre parcel.

Defendants moved to strike the notice of pendency, arguing that a second notice of pendency may not be filed after the first of such notices has expired and that the notice of pendency covers significantly more property than is covered by the lease. Supreme Court denied the motion holding that where, as here, a new party has been sued and distinct causes of action—arising out of Johnson's sale of the property—have been asserted, a second notice of pendency is permissible. The court further concluded that an issue of fact exists as to the area affected by plaintiff's right of first refusal and, thus, the notice of pendency cannot be said to be overbroad at this point. Defendants appeal, and we now affirm.

In general, where a notice of pendency has been canceled or otherwise becomes ineffective and the filing party thereafter initiates another action for the same cause, that party may not file a second notice of pendency and thereby affect the alienability of the property for an additional period of time (see, Israelson v Bradley, 308 NY 511, 515-516; Mechanics Exch. Sav.

*Bank v Chesterfield*, 34 AD2d 111, 114). Where, however, there has been a significant change in circumstances such as those present in this case, we hold that the successive filing of a notice of pendency is permissible.

Here, the sale of the property materially changed the nature of plaintiff's aggrievement and, as a result, altered the causes of action and the relief sought in the complaint. Although the addition of a new party may not be enough, by itself, to create an exception to the general rule (*cf., Chiulli v Cross Westchester Dev. Corp.*, 134 AD2d 559), the inclusion here of Ballard in the new action is significant inasmuch as Ballard allegedly is now the owner of the encumbered property. Plaintiff is no longer trying to protect its rights from being violated, as in the first action but, instead, is seeking damages for actual breach of the provision granting it a right of first refusal. Hence, the second notice of pendency is not merely an extension of the first but, rather, is premised upon new, allegedly illegal action taken by defendants. Under these unique circumstances, we hold that Supreme Court properly refused to cancel the second notice of pendency.

We also reject defendants' argument that the notice of pendency should have been canceled because it references the entire 30-acre parcel and, according to defendants, under no reasonable interpretation of the lease can the right be construed to include the entire 30 acres. However, " '[a] notice of pendency may not be canceled for the reason that a court, looking into the future, may conclude that plaintiff will not on the merits finally prevail' " (*Twaite v Buckhorn Estates*, 84 AD2d 632, quoting *Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp.*, 269 NY 56, 59). The parties presented conflicting evidence with respect to the intended scope of the lease; thus, we agree with Supreme Court that an issue of fact exists in this regard. Accordingly, defendants' motion seeking cancellation of the second notice of pendency was properly denied.

Crew III, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.