■ CHERYL WEINER et al., Respondents, v MKVII-WESTCHESTER, LLC, et al., Appellants. [739 NYS2d 432] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated April 5, 2001, as denied that branch of their motion which was pursuant to CPLR 6512 and 6514 (a) to cancel the notice of pendency filed on August 31, 2000.

Ordered that the order is reversed insofar as appealed from,

on the law and as a matter of discretion, without costs or disbursements, that branch of the motion which was pursuant to CPLR 6512 and 6514 (a) to cancel the notice of pendency filed on August 31, 2000, is granted, and the notice of pendency is cancelled.

CPLR 6512 provides that a notice of pendency filed before an action is commenced is effective only if a summons is served within 30 days thereafter. The plaintiffs filed a notice of pendency in connection with this action on August 31, 2000. The defendants moved, inter alia, pursuant to CPLR 6512 and 6514 (a) for mandatory cancellation of this notice of pendency on the theory that effective and proper service of the summons was not made within 30 days of filing as required by CPLR 6512. In the course of presenting this motion to the Supreme Court, the defendants reported that this was the second action in which the plaintiffs sought relief pertaining to the same contract. In the first action the plaintiffs filed a notice of pendency dated June 14, 2000. The defendants in that action successfully moved to cancel the first notice of pendency on the ground that the plaintiffs failed to serve the summons within 30 days of the filing of that notice of pendency.

While the facts concerning the first action, the first notice of pendency, and its cancellation appear on the record of this appeal, the defendants did not argue to the Supreme Court or before us that a second notice of pendency is prohibited. Nevertheless, we reach the issue in the exercise of our discretion. This question of law appears on the face of the record and, if brought to the attention of the Supreme Court, could not have been avoided (*see Block v Magee*, 146 AD2d 730, 732-733; *Matter of Burkins v Scully*, 108 AD2d 743, 744; *see also American Sugar Ref. Co. of N.Y. v Waterfront Commn. of N.Y. Harbor*, 55 NY2d 11, 25; *De Sapio v Kohlmeyer*, 35 NY2d 402, 404 n 2; *Telaro v Telaro*, 25 NY2d 433, 439; *Persky v Bank of Am. Natl. Assn.*, 261 NY 212; Karger, Powers of the New York Court of Appeals § 100, at 615 [3d ed]; *cf. Matter of Carlton v Zoning Bd. of Appeals of Town of Bedford*, 111 AD2d 169, 170 ["(m)atters apparent on the face of the record may be examined for the first time on appeal"]; *Matter of Block v Franklin Sq. Union Free School Dist.*, 72 AD2d 602; *Matter of Knickerbocker Field Club v Site Selection Bd. of City of N.Y.*, 41 AD2d 539, 540 ["such a decisive argument should not be lost because of the error of petitioner's counsel in not raising it earlier"]). The circumstance that the defendants failed to argue this dispositive point of law before us does not prevent us from reaching it in the exercise of our discretionary authority to act (*see* Karger, Powers of the New York Court of Appeals § 99, at 613 [3d ed]).

It is well settled that a second notice of pendency cannot be filed when a prior notice of pendency for the same property has been canceled for failure to comply with the statutory requirements (*see Israelson v Bradley,* 308 NY 511, 515-516; *Chiulli v Cross Westchester Dev. Corp.,* 134 AD2d 559; *Gargano v Rubin,* 130 AD2d 709, 710; *Holiday Investors Corp. v Breger & Co.,* 112 AD2d 979; *Deerfield Bldg. Corp. v Yorkstate Indus.,* 77 Misc 2d 302; *see also Matter of Sakow,* 97 NY2d 436; CPLR 6512).

In *Israelson v Bradley (supra),* which definitively announced the rule prohibiting the filing of successive notices of pendency, the plaintiff filed a summons and complaint seeking specific performance of a real estate contract, and filed a notice of pendency with respect to the disputed property. The plaintiff failed to timely serve the summons, and the defendant moved to cancel the notice of pendency on this basis (*id.* at 513). Conceding that the summons was not timely served, the plaintiff consented to the entry of an order canceling the notice of pendency (*id.* at 513). Three days before the return date of the defendant's motion, however, the plaintiff filed a new notice of pendency of a second action, and, on the same day, served a summons and complaint on the defendant (*id.* at 513). The complaint in the second action sought the same relief on the same contract of sale as did the first action (*id.* at 513-514). The defendant moved for cancellation of the second notice of pendency; the Supreme Court, Rockland County, denied the motion and this Court affirmed (283 App Div 1108). The Court of Appeals reversed, noting that the "extraordinary privilege" afforded a litigant upon the mere filing of a notice of pendency, that is, to prevent acquisition of an interest in the real property, requires strict compliance with the statutory provisions authorizing such filing (*id.* at 516). Accordingly, the Court of Appeals held that if the terms of the statute are not met, the privilege has ended and a further grant of power to file a new notice for the same cause must be denied (*id.* at 515-516).

The facts of this case fall squarely within *Israelson v Bradley* (*id.*), and the determination we reach is governed by the rule set forth by the Court of Appeals in that case. Here, the plaintiffs entered into a real estate sales contract with the defendant MKVII-Westchester, LLC (hereinafter MK-7), wherein MK-7 was to build a home on property sold to the plaintiffs, and the plaintiffs were to make installment payments for the property and the home. Disputes arose with respect to the contract and the plaintiffs attempted to commence an earlier action against MK-7, Prestige Homes Development Corp., and

Anil Kothari to recover damages for negligence and breach of contract. As noted, the plaintiffs had filed a notice of pendency dated June 14, 2000, against the property. The defendants moved to dismiss the complaint pursuant to CPLR 3212, 3211 (a) (8), and 304, and to cancel the notice of pendency. By order dated December 15, 2000 (while the motion was pending to cancel the second notice of pendency filed in this, the second action), the Supreme Court, Westchester County, dismissed the first action and canceled the first notice of pendency on the ground that the plaintiffs failed to file and serve the summons and complaint within 30 days of the filing of the notice of pendency (*see* CPLR 6514 [a]; *Rabinowitz v Larkfield Bldg. Corp.*, 231 AD2d 703).

During the pendency of the motion to dismiss the first action and cancel the first notice of pendency, the plaintiffs filed a summons and complaint dated August 21, 2000, commencing this second action, inter alia, to recover damages for breach of contract and tortious interference with a contractual relationship, and for specific performance. The second action concerns the same real property and the defendants' alleged breach of the same real estate contract as asserted in the first action. The complaint in the instant action names the same defendants as in the first action, with the addition of Dr. Dilip Mukhtyar and Greenwich Insurance Company. On August 31, 2000, the plaintiffs filed the second notice of pendency against the same property.

It is undisputed that a prior notice of pendency regarding the same property was canceled due to the plaintiffs' failure to serve the summons within 30 days. Successive filings of notices of pendency under such circumstances are improper, and the plaintiffs' second notice of pendency may not stand (*see Israelson v Bradley, supra* at 515-516; *Chiulli v Cross Westchester Dev. Corp., supra*; *Gargano v Rubin, supra* at 710; *Holiday Investors Corp. v Breger & Co., supra*; *Deerfield Bldg. Corp. v Yorkstate Indus., supra* at 311; *see also Matter of Sakow, supra*; 75A NY Jur 2d, Lis Pendens § 68; 13A Carmody-Wait 2d, Notice of Pendency of Action § 87:79, at 205; 51 Am Jur 2d, Lis Pendens § 11). The addition to this action of two defendants who were not named in the first action is a change of form, rather than of substance, and does not require a different result (*see Chiulli v Cross Westchester Dev. Corp., supra*). Besides, in multiple defendant actions, timely service of the summons must be made on any one defendant that has an ownership interest in the real property that is the subject of the litigation and against which the notice of pendency was filed (*see Rabi-*

*nowitz v Larkfield Bldg. Corp., supra* at 704; *Slutsky v Blooming Grove Inn,* 147 AD2d 208, 212; *Vogel v Meixner,* 119 AD2d 877). Only MK-7 has such an interest in this case, and MK-7 was named as a defendant in both actions.

Thus, on the basis of the prohibition against successive filings of notices of pendency against the same property and relating to the same controversy, the Supreme Court should have granted the defendants' motion to cancel the second notice of pendency pursuant to CPLR 6514 (a). We withhold costs to the successful appellants because of their failure to raise this dispositive point.

In view of the foregoing, we do not address the parties' arguments. Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.