■ CHATEAU RIVE CORP., Respondent, v RIVERVIEW PARTNERS, LP, et al., Appellants. [795 NYS2d 272]—

In an action to set aside a conveyance of a certain parcel of real property as fraudulent, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered August 19, 2003, as denied their motion to cancel a notice of pendency filed by the plaintiff on March 13, 2003, against the subject property.

Ordered that the order is reversed, on the law, the motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for a determination of the undecided branch of the plaintiff's cross motion; and it is further,

Ordered that the Westchester County Clerk is directed to cancel the notice of pendency filed on March 13, 2003, against the property known as section 22.20, block 2, lots 1 and 4; and it is further,

Ordered that the defendants are enjoined from transferring or encumbering the subject property pending the determination by the Supreme Court, Westchester County, of the undecided branch of the plaintiff's cross motion; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff's filing of a notice of pendency unaccompanied by a copy of the complaint was contrary to the plain language of CPLR 6511 (a), which provides, in pertinent part, that "the complaint *shall be filed with* the notice of pendency" (emphasis supplied). In addition, "the complaint *filed with the notice of pendency* must be adequate unto itself; a subsequent, amended complaint cannot be used to justify an earlier notice of pendency" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320 [1984] [emphasis added]). Moreover, where, as here, *no* complaint was filed with the notice of pendency, it follows that the notice was defective and void from the beginning, and the defendants' motion to cancel it should have been granted (*see Brox v Riker*, 56 App Div 388, 392 [1900]). Schmidt, J.P., Goldstein, Crane and Fisher, JJ., concur.