■ OLD WORLD CUSTOM HOMES, INC., Appellant, v LUCILLE CRANE, Respondent, et al., Defendants. [822 NYS2d 155]—

In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 20, 2005, as granted that branch of the motion of the defendant Lucille Crane which was for leave to amend the answer to assert a counterclaim for the imposition of a constructive trust and granted her leave to file a new notice of pendency on the subject property.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant Lucille Crane leave to file a new notice of pendency on the subject property; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in permitting the defendant Lucille Crane (hereinafter the defendant) to amend her answer to assert a counterclaim for the imposition of a constructive trust. Leave to amend a pleading should be freely granted where, as here, the proposed amendment is not palpably insufficient or patently devoid of merit and will not result in surprise or prejudice to the opposing party (*see* CPLR 3025 [b]; *Surgical Design Corp. v Correa*, 31 AD3d 744 [2006]; *see also F & K Supply v Willowbrook Dev. Co.*, 288 AD2d 713, 716 [2001]).

The Supreme Court erred, however, in determining that the defendant, upon asserting her new counterclaim, would also be entitled to file a new notice of pendency on the subject property. A notice of pendency is an "extraordinary privilege" which demands "strict compliance" with applicable statutory requirements (*Israelson v Bradley*, 308 NY 511, 516 [1955]; *see Matter of Sakow*, 97 NY2d 436 [2002]). Here, the defendant's original

notice of pendency was cancelled by order of the Supreme Court, Suffolk County, dated March 31, 2005, due solely to her own failure to assert any claim affecting title to, or the possession, use, or enjoyment of, the subject property (*see* CPLR 6501). The defendant should not be afforded a second chance to file a new notice of pendency upon correcting the very pleading defect that led to the cancellation of the original notice (*cf.* CPLR 6516 [c]). Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.