◼ YEHUDA DEUTSCH, Respondent, v PESY GRUNWALD et al., Appellants, et al., Defendants. [882 NYS2d 167]—

In an action, inter alia, to impose a constructive trust, the defendants Pesy Grunwald, Cheskel Grunwald, Congregation Bnai Arugath, Habosem Monsey, Inc., and 456-458 Bedford Corp., appeal from (1) a decision of the Supreme Court, Kings County (Jacobson, J.), dated January 4, 2008, and (2) so much of an order of the same court dated March 27, 2008, as denied that branch of their motion which was to cancel a notice of pendency.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In May 2006 an action was commenced in the Supreme Court, Kings County, by the "Estate of Jesie Deutsch," seeking, among other things, the imposition of a constructive trust upon certain real property. A notice of pendency was served and filed along with the summons and complaint. By order dated December 11, 2006, the Supreme Court granted a motion to dismiss the complaint without prejudice on the grounds that an estate is

not a legal entity capable of suing or being sued (*see Grosso v Estate of Gershenson,* 33 AD3d 587 [2006]) and that the nonresident attorney for the estate did not maintain an office within the State of New York (*see* Judiciary Law § 470). The notice of pendency was cancelled because the complaint was defective (*see Chateau Rive Corp. v Riverview Partners, LP,* 18 AD3d 492, 493 [2005]).

On December 18, 2006 the administrator of the estate, the plaintiff Yehuda Deutsch, who had been identified in the initial complaint but was not named as a party, commenced this action in his own name, as the representative of the estate, making the same claims as were asserted in the prior action. At the same time, he served and filed a second notice of pendency with respect to the same property. The defendants Pesy Grunwald, Cheskel Grunwald, Congregation Bnai Arugath, Habosem Monsey, Inc., and 456-458 Bedford Corp. (hereinafter collectively the defendants), moved, among other things, to cancel that notice of pendency on the ground that the notice of pendency in the prior action had been cancelled. The Supreme Court denied that branch of the motion, and we affirm.

"[A] notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property had been cancelled or vacated or had expired or become ineffective" (CPLR 6516 [c]). As a result, successive notices of pendency may not be filed in the same action (*see Old World Custom Homes, Inc. v Crane,* 33 AD3d 600, 601 [2006]). Here, however, the first notice of pendency was filed in the prior action. Construing the language of the statute in accordance with its ordinary meaning, as we must (*see People v Finnegan,* 85 NY2d 53, 58 [1995], *cert denied* 516 US 919 [1995]; *see also Friedman v Connecticut Gen. Life Ins. Co.,* 9 NY3d 105, 115 [2007]), it does not preclude the filing of a second notice of pendency in a different action.

The defendants' argument that the second notice of pendency must be vacated pursuant to *Israelson v Bradley* (308 NY 511 [1955]) is without merit. In *Israelson,* the Court of Appeals held that a plaintiff who had filed a notice of pendency with respect to an action in the County Court but then failed to serve the summons and complaint within the time required by the notice of pendency statute could not maintain a second notice of pendency with respect to a subsequent action commenced in the Supreme Court for the same relief. As we have since applied it, *Israelson* stands for the proposition that "if the terms of the statute are not met, the privilege has ended and a further grant of power to file a new notice for the same cause must be denied"

(*Weiner v MKVII-Westchester,* 292 AD2d 597, 599 [2002]; *see Mastronardi v Countywide Constr. Corp.,* 2 AD3d 416 [2003]; *Chiulli v Cross Westchester Dev. Corp.,* 134 AD2d 559 [1987]; *Holiday Invs. Corp. v Breger & Co.,* 112 AD2d 979 [1985]; *cf. Slutsky v Blooming Grove Inn,* 147 AD2d 208 [1989]).

The situation presented here, however, is different. Here, there is no identity of plaintiffs as there was in *Israelson,* since the plaintiff here was not the plaintiff in the prior action, and, more importantly, the plaintiff here did not fail to serve the summons and complaint in the initial action in a timely fashion or otherwise fail to comply with the statutory requirements for filing a notice of pendency. The plaintiff's failure here simply involved naming the wrong party as a plaintiff in the initial action. Since that error does not go to the statutory requirements for the filing of a notice of pendency (*see* CPLR 6511) and the circumstances of the second filing do not evince an attempt to abuse the privilege of filing a notice of pendency (*see* CPLR 6516 [c]; *Matter of Sakow,* 97 NY2d 436, 441-442 [2002]), the Supreme Court correctly denied the defendant's motion to vacate the notice of pendency filed in the second action. Spolzino, J.P., Skelos and Chambers, JJ., concur.

Leventhal, J. (concurring in part and dissenting in part, and voting to dismiss the appeal from the decision and to reverse the order insofar as appealed from, on the law, and to grant the branch of the appellants' motion which was to cancel the notice of pendency, with the following memorandum, in which Santucci, J., joins): We respectfully disagree with the majority and find that the plaintiff should be barred from filing a second notice of pendency.

The "no second chance" rule first articulated in *Israelson v Bradley* (308 NY 511, 516-517 [1955]), and more recently reaffirmed in *Matter of Sakow* (97 NY2d 436, 442 [2002]), prohibits the filing of a second notice of pendency for the same property when the first notice of pendency was cancelled (*see Chateau Rive Corp. v Riverview Partners, LP,* 18 AD3d 492 [2005]). This rule was codified by the Legislature in CPLR 6516 (c), which provides that "a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property had been cancelled or vacated or had expired or become ineffective." This bar to successive filings of a notice of pendency has been applied when an action was dismissed as a result of defects in the pleadings and thereafter recommenced after curing the defects (*see Old World Custom Homes, Inc. v Crane,* 33 AD3d 600, 601 [2006]). This rule has also been applied where the subsequent action and the notice of pendency

named additional parties not named in the original action (*see Weiner v MKVII-Westchester*, 292 AD2d 597, 600 [2002]; *Chiulli v Cross Westchester Dev. Corp.*, 134 AD2d 559 [1987]).

This "no second chance" rule exists because a notice of pendency is a unique provisional remedy that has a powerful effect on the alienability of real property (*see Matter of Sakow*, 97 NY2d at 441, citing *Israelson v Bradley*, 308 NY at 516). It is an extraordinary privilege because of the relative ease by which it can be obtained. Unlike other provisional remedies, a plaintiff need not demonstrate a likelihood of success on the merits in order to file a notice of pendency or obtain prior judicial review: "Basically, a plaintiff can cloud a defendant's title merely by serving a summons and filing a proper complaint and notice of pendency stating the names of the parties, the object of the action, and a description of the property (CPLR 6511, subds [a], [b]; *see Israelson v Bradley*, 308 NY 511). Indeed, the notice of pendency may even precede the service of summons (CPLR 6511, subd [a]; 6512). The notice is valid for three years and it may be extended by court order (CPLR 6513). Critically, the statutory scheme permits a party to effectively retard the alienability of real property without any prior judicial review. To the extent that a motion to cancel the notice of pendency is available (CPLR 6514), the court's scope of review is circumscribed. One of the important factors in this regard is that the likelihood of success on the merits is irrelevant to determining the validity of the notice of pendency" (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 319-320 [1984] [citations omitted]).

Accordingly, strict compliance with the statute is required (*see Israelson v Bradley*, 308 NY at 516). The complaint filed with the notice of pendency must be adequate unto itself. If the complaint is not adequate, the notice of pendency must be cancelled (*see Chateau Rive Corp. v Riverview Partners LP*, 18 AD3d at 493). A subsequent amended complaint cannot be used to justify an earlier notice of pendency (*see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d at 320).

Here, the majority holds that the "no second chance" rule applies only when the notice of pendency fails to comply with the filing and service requirements of CPLR article 65. However, we do not believe that the rule articulated by the Court of Appeals and the statute enacted by the Legislature (*see* CPLR 6516 [c]) is limited in its application to a failure to comply with CPLR article 65. In light of the purposes behind this rule and the effect that a notice of pendency has on property rights, we do not believe that this rule should be construed as so limiting. We would hold that it applies regardless of the reason why the ac-

tion is dismissed or the notice of pendency is vacated. In this case the first complaint was dismissed and the notice of pendency vacated. Accordingly, the plaintiff should not be permitted to file a second notice of pendency.

The majority also distinguishes *Israelson* in finding that the two complaints at issue here were not in the same action and were not brought by the same parties. However, the first complaint and notice of pendency were brought under the name of the "Estate of Jesie Deutsch," and the complaint set forth 11 causes of action. The first paragraph of the first complaint alleged that Yehuda Deutsch was appointed administrator of the Estate of Jesie Deutsch. The first complaint is signed and verified by Yehuda Deutsch as administrator of the estate of Jesie Deutsch. The first notice of pendency, with a caption that read the "Estate of Jesie Deutsch" was placed on the Bedford property and was signed by Yehuda Deutsch as "Administrator of the Estate of Jesie Deutsch." The second complaint and notice of pendency were brought under the name of "Yehuda Deutsch, as Administrator of the Estate of Jesie Deutsch" and the complaint sets forth the same causes of action as in the first complaint. The second notice of pendency was placed on the same property.

In applying a "substance over form" analysis, the subsequent complaint and notice of pendency are the same as the first (*see Weiner v MKVII-Westchester,* 292 AD2d at 600; *Chiulli v Cross Westchester Dev. Corp.,* 134 AD2d at 159). The substance in these two complaints is the same. The identical claims and theories are being asserted. The same relief is sought. The parties are the same, since Yehuda Deutsch pleaded in the first complaint that he was the administrator of the estate and signed the complaint and verification in that capacity. The only difference between the two complaints is the caption. Since the two complaints are identical, they should be treated as one action for the purposes of CPLR 6516 (c). The plaintiff, therefore, should be barred from filing a second notice of pendency in the same action.

Accordingly, we respectfully concur in part and dissent in part, and vote to dismiss the appeal from the decision and to reverse the order insofar as appealed from, and grant that branch of the motion which was to cancel the notice of pendency.