■ Henry Guttman, Respondent, v Aryeh Gutman et al., Appellants. [910 NYS2d 543]—

In an action, inter alia, to recover damages for breach of fiduciary duty and to impose a constructive trust, the defendants appeal (1) from an order of the Supreme Court, Kings County (Lewis, J.), dated December 19, 2008, which granted the plaintiff's motion to extend the duration of a notice of pendency from May 19, 2008, until May 19, 2011, and denied their cross motion to condition the extension of the notice of pendency upon the reestablishment of an escrow fund in the sum of $800,000, pursuant to a report of a Judicial Hearing Officer dated May 19, 2005, and (2), as limited by their brief, from so much of an order of the same court dated January 30, 2010, as denied those branches of their motion which were to confirm the report of the Judicial Hearing Officer, and to cancel the notice of pendency, and, in effect, upon reargument, adhered to the original determination in the order dated December 19, 2008.

Ordered that the appeal from the order dated December 19, 2008, is dismissed, as that order was superseded by the order dated January 30, 2010, made, in effect, upon reargument; and it is further,

Ordered that the order dated January 30, 2010, is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion which was to cancel the notice of pendency, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof, in effect, upon reargument, adhering to the determination in the order dated December 19, 2008, granting the plaintiff's motion to extend the duration of a notice of pendency from May 19, 2008, until May 19, 2011, and substituting therefor a provision, upon reargument, vacating so much of the determination in the order dated December 19, 2008, as granted the plaintiff's motion to extend the duration of the notice of pendency, and thereupon denying the plaintiff's motion; as so modified, the order dated January 30, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs. .

The plaintiff, Henry Guttman (hereinafter Henry), and the defendant Aryeh Gutman (hereinafter Aryeh) are brothers and business partners. The instant dispute is over certain property located at 185 Marcy Avenue. Henry alleged that Aryeh converted his interest in the property by transferring title from 185 Marcy Corp. to 185 Marcy, LLC, without his knowledge and consent. Upon commencement of this action, Henry filed a notice of pendency against the property.

Pursuant to a settlement agreement dated March 16, 2004, settling the instant action and other claims, including an adversarial proceeding in a bankruptcy case, the parties agreed, inter alia, to cancel the notice of pendency, and to release $800,000 held in escrow by Henry's attorney relating to litigation over property in New Jersey. The $800,000 escrow was released, the New Jersey litigation was discontinued, and Henry cancelled the notice of pendency. However, the Bankruptcy Court refused to approve the settlement and dismissed the bankruptcy proceeding. Therefore, the settlement of the instant action never took effect.

Henry moved to reinstate the notice of pendency, and Aryeh moved to reinstate the $800,000 escrow. The factual issues were referred to a Judicial Hearing Officer to hear and report, and, after a hearing, the Judicial Hearing Officer issued a report dated May 19, 2005, finding that it "would be most fair" to reinstate the $800,000 escrow simultaneously with the filing of a

new notice of pendency. On the same date, May 19, 2005, Henry filed a new notice of pendency.

Thereafter, the defendants moved to compel Henry to comply with the Judicial Hearing Officer's recommendation that he should reinstate the $800,000 escrow, and his motion was denied by order of the Supreme Court, Kings County (Bayne, J.), dated September 29, 2006, on the ground that the "[d]efendants have not sufficiently detailed the basis for an escrow of $800,000." This Court affirmed that order, notwithstanding the report of the Judicial Hearing Officer, noting that the "Judicial Hearing Officer was authorized to hear and report, not hear and determine" (*Guttman v Gutman*, 46 AD3d 514 [2007]).

At issue in the instant appeal is whether the notice of pendency filed on May 19, 2005, was valid.

CPLR 6516 (c) provides: "Except as provided in subdivision (a) of this section [relating to mortgage foreclosure actions], a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property had been cancelled or vacated or had expired or become ineffective." With limited exceptions not applicable here (*see e.g. Deutsch v Grunwald*, 63 AD3d 872, 873 [2009]; *Sears Mtge. Corp. v Yaghobi*, 19 AD3d 402 [2005]; *Bonded Concrete v Johnson*, 280 AD2d 758 [2001]), "an expired or cancelled notice of pendency may not be refiled on the same cause of action or claim" (*Matter of Sakow*, 97 NY2d 436, 443 [2002]). CPLR 6516 (c) precludes the filing of successive notices of pendency in the same action (*see Old World Custom Homes, Inc. v Crane*, 33 AD3d 600, 601 [2006]).

Here, a notice of pendency filed in the same action was cancelled, purportedly to facilitate the terms of the settlement which never took effect. The settlement agreement made no provision for reinstating the notice of pendency. The facts of the instant case do not fall within any recognized exception to CPLR 6516 (c), which must be strictly construed (*see Matter of Sakow*, 97 NY2d at 442-443).

In view of the foregoing, the notice of pendency filed on May 19, 2005, was invalid, and its effectiveness could not be extended.

The defendants' remaining contention is without merit (*see Guttman v Gutman*, 46 AD3d 514 [2007]). Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.