■ ASSADOUR O. TAVITIAN, Appellant, v RAFFI M. TAVITIAN, Respondent. [921 NYS2d 319]—

In an action, inter alia, to set aside a conveyance of real property on the basis of undue influence and fraud, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered April 13, 2010, as granted that branch of the defendant's motion which was pursuant to CPLR 6514 to cancel a notice of pendency dated October 30, 2009.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2006 the plaintiff, as administrator of his brother's estate, commenced an action against the defendant alleging, inter alia, undue influence and fraud, and seeking a cancellation of a deed conveying certain real property from his deceased brother (hereinafter the decedent) to the defendant. At the same time, the plaintiff filed a notice of pendency in connection with that action. In 2009 the notice of pendency expired, and the plaintiff did not file an extension of the notice.

Approximately one month after the expiration of the notice of pendency, the plaintiff commenced the instant action against the same defendant, and filed another notice of pendency against the same property (hereinafter the 2009 notice of pendency). In addition to again seeking the cancellation of the same deed based on the virtually identical allegations of undue influence and fraud as alleged in the 2006 complaint, the complaint in the instant action also sought, inter alia, the cancellation of a purported lease between the decedent and the defendant, as well as the cancellation of any leases into which the defendant may have entered with regard to the subject real property.

The defendant moved to dismiss the complaint and to cancel

the 2009 notice of pendency. The Supreme Court granted that branch of the defendant's motion which was pursuant to CPLR 6514 to cancel the 2009 notice of pendency, and the plaintiff appeals from that portion of the order.

Under the circumstances of this case, including, inter alia, that the plaintiff and the defendant were identical in both actions, and that the filing of the 2009 notice of pendency "evince[d] an attempt to abuse the privilege of filing a notice of pendency," the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 6514 to cancel the 2009 notice of pendency (*Deutsch v Grunwald*, 63 AD3d 872, 874 [2009]; *see* CPLR 6516 [c]; *Old World Custom Homes, Inc. v Crane*, 33 AD3d 600, 600-601 [2006]; *Weiner v MKVII-Westchester*, 292 AD2d 597, 599-600 [2002]). Mastro, J.P., Rivera, Austin and Roman, JJ., concur.