■ NICHOLAS ROMANOFF, Appellant, v GERALD ROMANOFF et al., Defendants, and 55 GANS JUDGMENT LLC et al., Respondents. [998 NYS2d 881]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered April 25, 2014, which granted defendant Griffon Gansevoort Holdings LLC's motion to cancel the notice of pendency, unanimously affirmed, with costs.

The notice of pendency filed in this action was correctly cancelled as a prohibited successive notice affecting the same property (CPLR 6516 [c]). "[A]n expired or cancelled notice of pendency may not be refiled on the same cause of action or claim" (*Guttman v Gutman*, 78 AD3d 779, 781 [2d Dept 2010] [citation omitted] [distinguishing *Deutsch v Grunwald* (63 AD3d 872 [2d Dept 2009])]; *see also Bonded Concrete v Johnson*, 280 AD2d 758, 759 [3d Dept 2001]). This case presents a more than apt occasion for the application of this "no second chance" rule, in light of Robert Romanoff's attempts to place a cloud on title of the property so as to leverage a buyout of his purported interest as beneficiary of the trust, which he has sought to accomplish through this action and another between essentially the same parties, under the same theories, and seeking identical relief from the same defendant.

We have considered plaintiff's other contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.