Garry, J.
 

 Appeal from an order of the Supreme Court (Caruso, J.), entered March 7, 2016 in Schenectady County, which, among other things, granted plaintiff’s motion for summary judgment.
 

 In May 2007, defendant Lori Dessingue (hereinafter defendant) executed a promissory note secured by a mortgage on real property located in Schenectady County. Defendant later entered into a loan modification agreement, and the note and mortgage were assigned to BAC Home Loan Servicing, LP. When defendant defaulted on the payments owed under the loan modification agreement, BAC commenced a mortgage foreclosure action (hereinafter the BAC action) and filed a notice of pendency (see CPLR 6511 [a]; RPAPL 1331). In March 2011, Supreme Court (Giardino, J.) dismissed the BAC action, without prejudice, on the ground of noncompliance with the mandatory settlement conference provisions of CPLR 3408.
 

 Thereafter, the note and mortgage were assigned to plaintiff. In February 2015, plaintiff commenced this foreclosure action and filed a notice of pendency. Defendant answered and asserted as an affirmative defense that the complaint should be dismissed because plaintiff was prohibited from filing a second notice of pendency following the dismissal of the BAC action and, thus, could not comply with the filing requirement established by RPAPL 1331. Plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint upon this affirmative defense. Supreme Court granted plaintiff’s motion and denied defendant’s cross motion. Defendant appeals.
 

 In support of its motion for summary judgment, plaintiff submitted the assignment, the mortgage, the unpaid note, the loan modification agreement and an affidavit from plaintiff’s document execution specialist asserting that defendant had been in default on the note since 2009. These submissions established plaintiff’s prima facie entitlement to judgment as a matter of law and shifted the burden to defendant “to raise a question of fact as to a bona fide defense to foreclosure” (HSBC Bank USA, N.A. v Szoffer, 149 AD3d 1400, 1401 [2017] [internal quotation marks and citation omitted]; see Citibank, NA v Abrams, 144 AD3d 1212, 1215 [2016]; PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]).
 

 Defendant does not challenge plaintiff’s prima facie proof, but instead contends that plaintiff was statutorily barred from filing the requisite notice of pendency. RPAPL 1331 provides that at least 20 days before a final judgment directing a sale in a mortgage foreclosure action, the plaintiff must file “a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording.” Defendant asserts that the “no second chance” rule operates here to preclude plaintiff from complying with this provision (Matter of Sakow, 97 NY2d 436, 442 [2002] [internal quotation marks omitted]). As codified in CPLR 6516 (c), this rule states that “[e]xcept as provided in subdivision (a) of [CPLR 6516], a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property had been cancelled or vacated or had expired or become ineffective.”
 

 We agree with Supreme Court that there is no merit in defendant’s contention. As this is a mortgage foreclosure action, the argument fails by application of CPLR 6516 (a). In such an action, “a successive notice of pendency may be filed to comply with [RPAPL 1331], notwithstanding that a previously filed notice of pendency in such action or in a previous foreclosure action has expired pursuant to [CPLR 6513] or has become ineffective” (CPLR 6516 [a]). Here, the record reveals that the notice of pendency filed in the BAC action was never renewed and therefore expired by operation of law three years after the date on which it was filed. Thus, the statutory exception to the “no second chance” rule applies (see CPLR 6513; Matter of Sakow, 97 NY2d at 442; MCK Bldg. Assoc. v St. Lawrence Univ., 5 AD3d 911, 912 [2004]). Defendant argues that the statutory exception does not apply to a canceled notice of pendency. Assuming without deciding that this argument is correct, nothing in the record indicates that the notice of pendency in the BAC action was canceled as part of the order dismissing the complaint, or that the parties to that action moved for or stipulated to such a cancellation (see CPLR 6514; compare CitiMortgage, Inc. v Lottridge, 143 AD3d 1093, 1093 [2016]; Ampul Elec., Inc. v Village of Port Chester, 96 AD3d 790, 791 [2012], lv dismissed 19 NY3d 1063 [2012]). Where, as here, a prior notice of pendency has expired, the governing statute allows the filing of a successive notice of pendency (see CPLR 6516 [a]; Sudit v Labin, 148 AD3d 1077, 1078 [2017]).
 

 Further, CPLR 6516 (c) only operates to prohibit the filing of a successive notice of pendency in the same action in which a notice of pendency affecting the same property has previously been filed (see Romanoff v Romanoff, 125 AD3d 415, 415 [2015]; Guttman v Gutman, 78 AD3d 779, 781 [2010]; Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 6516 at 566-567; see also Matter of Sakow, 97 NY2d at 443; Bonded Concrete v Johnson, 280 AD2d 758, 759-760 [2001]). Here, the second notice of pendency was filed in an entirely separate action, commenced by a different plaintiff, from that in which the first notice of pendency was filed. In this case, the purpose of the “no second chance” rule—that is, “to encourage procedural diligence by the plaintiff as a counterweight to the extraordinary ease with which a notice of pendency can hinder the marketability of the defendant’s property”—is not implicated (Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 6516 at 567), and the statutory prohibition against successive notices of pendency does not apply (see Deutsch v Grunwald, 63 AD3d 872, 873-874 [2009]). Thus, we need not address defendant’s remaining contentions.
 

 Peters, P.J., Rose, Aarons and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, with costs.