ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Plaintiff Nationstar Mortgage LLC ("Plaintiff") commenced this action on May 26, 2017, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 64 Clifton Street, Manchester, New York 14504, together with the land, buildings, and other improvements located on the property ("Property"). (Dkt. 1 at ¶ 1). Defendants Anthony J. Nedza and Bonita E. Nedza (collectively, "Defendants") have not appeared in this action. (Dkt. 8).
Currently before the Court is Plaintiff's motion for default judgment and for foreclosure and sale of the Property. (Dkt. 9). For the reasons set forth below, the motion is denied without prejudice.
BACKGROUND
On or about July 2, 2007, Defendants executed and delivered a note under which they promised to pay the sum of $85,000.00 plus interest on the unpaid amount due. (Dkt. 1 at ¶ 9). Defendants also executed and delivered a mortgage on the Property in the amount of $85,000.00. (Id. at ¶ 10). The mortgage was later assigned to Plaintiff. (Id. at ¶¶ 11-12). Defendants failed to make a payment that was due on November 1, 2013, as well as all subsequent payments. (Id. at ¶ 13).
Plaintiff claims that Defendants owe a principal balance of $76, 898.81 with 7.375% interest accruing from October 1, 2013. (Id. at ¶ 14). Plaintiff claims that Defendants additionally owe "late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure." (Id. ). Plaintiff alleges that it complied with the notice provisions of the mortgage and RPAPL § 1304, and that it filed the information required by RPAPL § 1306. (Id. at ¶ 16).
On July 7, 2017, Plaintiff filed affidavits of service, stating that the summons and complaint, together with a certificate of merit, a debt validation letter, an RPAPL § 1303 notice, and an RPAPL § 1320 notice were served on Defendants. (Dkt. 5; Dkt. 6). Anthony J. Nedza's answer was due by July 10, 2017 (Dkt. 6), and Bonita E. Nedza's answer was due by July 11, 2017 (Dkt. 5).
Defendants failed to respond to the complaint or otherwise appear in this action. On July 14, 2017, Plaintiff requested that the Clerk of Court enter default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 7).
*709 The Clerk entered default against Defendants on July 17, 2017. (Dkt. 8).
On November 15, 2017, Plaintiff filed a motion for default judgment and judgment of foreclosure and sale. (Dkt. 9). Plaintiff further requests that the Court appoint a referee to oversee a sale of the Property and disburse the funds from that sale. (Dkt. 9-1 at 1). Plaintiff also filed an affidavit of service for the motion. (Dkt. 9-3).
On the same day, the Court issued a scheduling order requiring Defendants to file any papers in opposition to Plaintiff's motion by December 8, 2017. (Dkt. 10 at ¶ 1). The Court also ordered Plaintiff to serve Defendants a copy of the Court's scheduling order and Plaintiff's motion papers by November 21, 2017, and to file proof of service of the same. (Id. at ¶ 4). Although Plaintiff served the scheduling order on November 21, 2017 (Dkt. 11), to date, Defendants have not responded or appeared.
DISCUSSION
I. Default Judgment
Federal Rule of Civil Procedure 55 sets forth the procedural steps for entry of a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As discussed, Plaintiff has already obtained entry of default as to Defendants. (Dkt. 8). "Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." New York v. Green , 420 F.3d 99, 104 (2d Cir. 2005) ; see also Fed. R. Civ. P. 55(b) (providing for entry of default judgment by the clerk where the "plaintiff's claim is for a sum certain" or by the court in "all other cases").
"In determining whether to enter a default judgment, courts have cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." La Barbera v. Fed. Metal & Glass Corp. , 666 F.Supp.2d 341, 347 (E.D.N.Y. 2009). In light of the Second Circuit's "strong preference for resolving disputes on the merits, and because a default judgment is the most severe sanction which the court may apply," the Second Circuit has "characterized a district court's discretion in proceeding under Rule 55 as circumscribed." City of N.Y. v. Mickalis Pawn Shop, LLC , 645 F.3d 114, 129 (2d Cir. 2011) (citations and quotations omitted). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara , 10 F.3d 90, 96 (2d Cir. 1993). Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." Greathouse v. JHS Sec. Inc. , 784 F.3d 105, 116 (2d Cir. 2015).
II. Mortgage Foreclosure
"In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." U.S. Bank, N.A. v. Squadron VCD, LLC , 504 F. App'x 30, 32 (2d Cir. 2012) ; see also Ditech Fin. LLC v. Sterly , No. 5:15-CV-1455(MAD/TWD), 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) ; OneWest Bank, N.A. v. Conklin , 310 F.R.D. 40, 44 (N.D.N.Y. 2015).
Article 13 of the RPAPL also sets forth various procedural requirements in a mortgage foreclosure action. Sterly , 2016 WL 7429439, at *4 ; Conklin , 310 F.R.D. at 32. For example, § 1303 requires the foreclosing party to serve a mortgagor with the specific notice entitled "Help for Homeowners in Foreclosure," as set out in that statute, along with the summons and *710 complaint, before commencing a foreclosure action. RPAPL § 1303. Section 1304 requires the mortgage loan servicer to serve the borrower with a notice entitled "You May be At Risk of Foreclosure," at least 90 days before commencing an action. Id. at § 1304. Section 1306 requires a lender to file certain information with the Superintendent of the New York State Department of Financial Services, within three days of mailing the pre-litigation notice required under § 1304. Id. § 1306. Section 1320 sets forth a "special summons requirement in private residence cases" that applies in an action to foreclose a mortgage on a residential property containing not more than three units. Id. § 1320.
Section 1331 requires the filing of a notice of pendency and states as follows:
The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording.
Id. § 1331. A copy of the complaint must be filed with the notice of pendency, unless the complaint has already been filed in that county. CPLR 6511 (a).
Based on the record before the Court, Plaintiff appears to have established the common-law elements of a foreclosure action. (Dkt. 9-1 at 27-29 (Note), 31-48 (Mortgage), 78-80 (Pl. Aff.) ). Plaintiff also appears to have complied with the procedural requirements of the RPAPL in most-but not all-respects. Plaintiff has complied with § 1304 by serving the pre-litigation notice required under that statute (id. at 81-82), and with § 1306 by filing with the Superintendent of the New York State Department of Financial Services the information required by that statute (id. at 107-08). Plaintiff also served the following documents on each Defendant: the summons and complaint, notices pursuant to RPAPL §§ 1303 and 1320, a debt validation letter, and a certificate of merit. (Id. at 59-60).
However, Plaintiff failed to comply with the procedural requirements regarding the notice of pendency. Although Plaintiff filed a notice of pendency pursuant to RPAPL § 1331 with the Ontario County Clerk, nothing in the record indicates that Plaintiff filed the complaint with the notice of pendency as required under CPLR 6511(a). (Dkt. 4). Plaintiff attached only the legal description of the Property to the notice of pendency. (Id. at 3). The affirmation by Plaintiff's counsel states that "Plaintiff filed a Notice of Pendency in the Ontario County Clerk's Office in accordance with RPAPL § 1331 and New York Civil Practice Law and Rules ('CPLR') Article 65" (Dkt. 9-1 at 2), but nothing in the record supports counsel's assertion that Plaintiff has complied with CPLR 6511(a) by filing the complaint with the notice of pendency. The Court notes that the Notice of Pendency states that "an action has been commenced and is now pending in the United States District Court for the Western District of New York upon the Complaint of the above named Plaintiff...." (Dkt. 4 at 1). Nevertheless, this is insufficient to satisfy the requirements of New York law. See Sterly , 2016 WL 7429439, at *4 ("The notice states that a foreclosure action has been commenced against [the d]efendants in the United States District Court for the Northern District of New York. However, there is no indication that [the p]laintiff filed the complaint with the notice of pendency as required by CPLR § 6511(a)." (citation omitted) ).
The notice of pendency "alerts future buyers or interest holders of a prior *711 claim." Diaz v. Paterson , 547 F.3d 88, 89 (2d Cir. 2008). Because a notice of pendency "is one of the few provisional remedies that permits a party to restrain the alienation of real property without any prior judicial review," it has been described as "a powerful tool to a plaintiff" and "an extraordinary privilege." Richard J. Zitz, Inc. v. Pereira , 965 F.Supp. 350, 354 (E.D.N.Y. 1997) (quotation marks and citation omitted). That being so, "[t]o counterbalance the ease with which a party may hinder another's right to transfer property, [the New York Court of Appeals] has required strict compliance with the statutory procedural requirements." 5303 Realty Corp. v. O & Y Equity Corp. , 64 N.Y.2d 313, 320, 486 N.Y.S.2d 877, 476 N.E.2d 276 (1984). In other words, "the drastic impact of the notice of pendency authorized by CPLR 6501 requires a strict application of that statute." Id. at 323, 486 N.Y.S.2d 877, 476 N.E.2d 276.
"The failure to file a complaint with the notice renders Plaintiff's notice defective and void." Sterly , 2016 WL 7429439, at *4 ; see Chateau Rive Corp. v. Riverview Partners, LP , 18 A.D.3d 492, 493, 795 N.Y.S.2d 272 (2d Dep't 2005) ("[W]here, as here, no complaint was filed with the notice of pendency, it follows that the notice was defective and void from the beginning...."); see also Kolel Damsek Eliezer, Inc. v. Schlesinger , 90 A.D.3d 851, 856, 935 N.Y.S.2d 83 (2d Dep't 2011) (holding that the failure to comply with the statutory requirements for a notice of pendency rendered the notices "defective and void and insufficient as a matter of law ..." (internal quotation marks omitted) ). Accordingly, the Court denies Plaintiff's motion for default judgment for failure to file a procedurally-compliant notice of pendency.
This is not the first time that Plaintiff's counsel, Gross Polowy, LLC, has failed to comply with this requirement. As a district court in the Northern District of New York observed, "Gross Polowy routinely neglects to include a copy of the complaint when filing notices of pendency in state court. Indeed, courts in this district have repeatedly denied Gross Polowy's default judgment motions for failure to properly file a notice of pendency." Wells Fargo Bank, N.A. v. Paul , No. 5:16-CV-0665(MAD/DEP), 2017 WL 2116529, at *3 (N.D.N.Y. May 15, 2017) ; see also Nationstar Mortg. LLC v. Moody , No. 5:16-CV-0279(LEK/ATB), 2017 WL 1373890, at *1 (N.D.N.Y. Apr. 13, 2017) ("As mentioned above, the Notice of Pendency does not appear to include a copy of the complaint. Accordingly, Nationstar's motion for default judgment must be denied."); Sterly , 2016 WL 7429439, at *4 ("The failure to file a complaint with the notice renders [the p]laintiff's notice defective and void."); OneWest Bank, N.A. v. Conklin , No. 8:14-CV-0124(MAD/CFH), 2015 WL 3646231, at *4 (N.D.N.Y. June 10, 2015) ("[The p]laintiff did not file a copy of the complaint with the notice of pendency as required by N.Y. C.P.L.R. § 6511(a)."). This repeated failure prompted one district court to caution Plaintiff's counsel that if it "files any future motions in this Court without including evidence of a properly filed notice of pendency, those motions will be summarily denied." Paul , 2017 WL 2116529, at *3.[1]
*712 Indeed, this Court has admonished Gross Polowy on this very issue in other cases. See U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross , 255 F.Supp.3d 427, 432-33 (W.D.N.Y. 2017) ; Nationstar Mortg. LLC v. Atanas, et al. , 6:16-CV-06832-EAW (W.D.N.Y. May 23, 2017), ECF No. 13.
III. Attorneys' Fees Request
In light of the procedural defectiveness of Plaintiff's motion for default judgment, the Court does not reach counsel's request for attorneys' fees in the amount of $1,500.00. (Dkt. 9-1 at 183-85, 190; see also id. at 45 (mortgage providing for reasonable attorneys' fees in the event of a lawsuit for foreclosure and sale) ). Nevertheless, the Court notes that the request is defective for the same reason that similar requests have been deemed defective by other courts in this Circuit: counsel has failed to support the request with contemporaneous time records. See Moody , 2017 WL 1373890, at *1 n.2 (finding request for attorneys' fees defective because it lacked contemporaneous time records); Nationstar Mortg. LLC v. Mohr , 3:16-CV-0977(LEK/DEP), 2017 WL 1373888, at *4 & n.1 (N.D.N.Y. Apr. 13, 2017) (same); U.S. Bank Trust, N.A. v. Monroe , No. 1:15-CV-1480(LEK/DJS), 2017 WL 923326, at *1 n.1 (N.D.N.Y. Mar. 8, 2017) (same); U.S. Bank Tr., N.A. v. Dingman , No. 16-CV-1384 (CS), 2016 WL 6902480, at *6 & n.16 (S.D.N.Y. Nov. 22, 2016) (same); OneWest Bank, N.A. v. Vaval , No. 14-CV-3437 (CBA) (PK), 2016 WL 3945342, at *4 (E.D.N.Y. July 19, 2016) (same); CIT Bank, N.A. v. Dambra , No. 14-CV-3951 (SLT) (VMS), 2015 WL 7422348, at *8-9 (E.D.N.Y. Sept. 25, 2015) (same); OneWest Bank, N.A. v. Denham , No. 14-CV-5529(DRH)(AKT), 2015 WL 5562980, at *13 (E.D.N.Y. Aug. 31, 2015) (same); OneWest Bank, N.A. v. Cole , No. 14-CV-3078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015) (same).
Although Plaintiff identifies each attorney and paralegal involved in performing the services summarized in the attorney fee declaration, the Court is unaware of the credentials for the named attorneys other than the fact that one of the attorneys is an "associate." (Dkt. 9-1 at 1, 184); see Francis v. AMCA , No. 15 Civ. 3624 (BMC), 2015 WL 4662724, at *4 (E.D.N.Y. Aug. 6, 2015) (noting that the attorney's fee application failed to provide any information "about [the] plaintiff's attorney's experience in [Fair Debt Collection Practices Act] cases or indeed any legal practice"). In addition, the list of described services is non-comprehensive. (See Dkt. 9-1 at 183 ("The work performed on this file included, but is not limited to, the following....") ); see, e.g., Gross , 255 F.Supp.3d at 433. Furthermore, although Plaintiff notes that paralegal and attorney efforts were applied in tandem to complete several of the listed tasks, Plaintiff's application does not specifically attribute any work under these tasks to either the paralegal *713 or the attorney, leaving the Court to speculate as to the division of labor. See Cole , 2015 WL 4429014, at *7 ("Young's affirmation does not ... attribute any of the listed tasks specifically to Young or his paralegal despite affirming that they both worked on the case.").
"[A]ny attorney ... who applies for court-ordered compensation in this Circuit ... must document the application with contemporaneous time records ... specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." Cole , 2015 WL 4429014, at *6 (quoting N.Y. State Ass'n for Retarded Children, Inc. v. Carey , 711 F.2d 1136, 1148 (2d Cir. 1983) ). An attorney may deviate from this "strict rule ... only in the rarest of cases." Scott v. City of New York , 626 F.3d 130, 133 (2d Cir. 2010).
Gross Polowy has previously affirmed to this Court that it does not maintain individual time sheets for its legal work pertaining to foreclosure actions, but instead charges a flat fee under those circumstances. Gross , 255 F.Supp.3d at 433 ; Nationstar Mortg. LLC v. Atanas, et al. , 6:16-CV-06832-EAW (W.D.N.Y. May 23, 2017), ECF No. 13. Plaintiff's counsel does not make a similar affirmation here. (See Dkt. 9-1 at 183-85). Whether or not Gross Polowy continues to charge a flat fee for its foreclosure work, the contemporaneous time records requirement still has some application where an attorney charges a client a flat fee. Generally, "courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done." Cole , 2015 WL 4429014, at *6 (quotation marks omitted). Courts have denied attorney's fee awards based on a flat fee where the attorney did not keep contemporaneous time records. See, e.g., id.
Without more detailed supporting documentation, counsel's request for attorneys' fees is insufficient in its present form. If Plaintiff wishes to request attorneys' fees in connection with any renewed motion for default judgment, Plaintiff should do so in a manner that is consistent with the cases discussed above.
CONCLUSION
For the foregoing reasons, Plaintiff's motion for default judgment and for foreclosure and sale of the Property (Dkt. 9) is denied without prejudice. Should Plaintiff wish to file a renewed motion curing the deficiencies set forth above, it may do so within 30 days of the filing of this Decision and Order.
SO ORDERED.

Gross Polowy's routine errors are not limited to failing to include a copy of the complaint with the notice of pendency:
In the past year, U.S. Bank's attorneys-Gross Polowy-have repeatedly failed to secure default judgments in similar foreclosure cases before this Court. In each case, Gross Polowy's motion was denied for one of two reasons: either the complaint failed to sufficiently allege subject matter jurisdiction, or the motion for default judgment failed to meet the requirements of the [Northern District of New York]'s Local Rules.
U.S. Bank Trust, N.A. v. Monroe , No. 1:15-CV-1480(LEK/DJS), 2017 WL 923326, at *3 (N.D.N.Y. Mar. 8, 2017) (citations omitted). In this case, Plaintiff's complaint adequately alleges subject matter jurisdiction based on diversity of citizenship. Plaintiff states that it is "a limited liability company located ... [in Texas], with two limited liability corporate members which have a sole corporate member incorporated in Delaware with a principal place of business in Delaware." (Dkt. 1 at ¶ 2). "A limited liability company takes the citizenship of its members." Nationstar Mortg. LLC v. Pignataro , No. 1:15-CV-1041(LEK)(DJS), 2016 WL 3647876, at *1 (N.D.N.Y. July 1, 2016) (citing Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC , 692 F.3d 42, 49 (2d Cir. 2012) ). Thus, Plaintiff is a citizen of Delaware. Plaintiff alleges that Defendants are citizens of New York. (Dkt. 1 at ¶¶ 3-4). Accordingly, the parties are diverse; this, along with an alleged amount in controversy in excess of $75,000.00 (id. at ¶ 7), gives the Court subject matter jurisdiction.