■ JOSEPH REALE, Appellant, v TERESA REALE, Respondent.
[961 NYS2d 484]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered September 26, 2011, which, after a nonjury trial, inter alia, (1) directed him to pay the sum of $415 per week in child support, (2) awarded the defendant certain real property located in Franklin, New York, as her separate property, (3) directed him to pay the defendant the sum of $6,000, purportedly representing 20% of the increase in the value of certain property located in Somers, New York, (4) directed him to pay the defendant the sum of $62,500, representing her share of the plaintiff's restaurant business, and (5) directed the sale of the former marital residence.

Ordered that the appeal from so much of the judgment as directed the plaintiff to pay the defendant the sum of $62,500, representing the defendant's share of the plaintiff's restaurant business, is dismissed because the plaintiff has not provided an adequate appendix; and it is further,

Ordered that the appeal from so much of the judgment as directed the sale of the former marital residence is dismissed as academic; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the plaintiff to pay the defendant the sum of $6,000, purportedly representing 20% of the increase in the value of certain property located in Somers, New York; as so modified, the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

" 'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal' " (*Gandolfi v Gandolfi*, 66 AD3d 834, 835 [2009], quoting *NYCTL 1998-1 Trust v Shahipour*, 29 AD3d 965, 965 [2006]; *see Mure v Mure*,

92 AD3d 653 [2012]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 670.10.2 [c] [1]; *see* CPLR 5528 [a] [5]; *Mure v Mure*, 92 AD3d at 653). Here, the plaintiff omitted from his appendix certain evidence proffered by the defendant at the trial relating to the plaintiff's restaurant business. This omission "inhibit[s] the court's ability to render an informed decision on the merits of the appeal" (*Matter of Embro v Smith*, 59 AD3d 542, 542 [2009] [internal quotation marks omitted]; *see Mure v Mure*, 92 AD3d at 653). Accordingly, the appeal from so much of the judgment as directed the plaintiff to pay the defendant the sum of $62,500, representing the defendant's share of the plaintiff's restaurant business, must be dismissed.

Moreover, inasmuch as both parties concede that the former marital residence was foreclosed upon, the appeal from so much of the judgment as directed the sale of the former marital residence must be dismissed as academic.

The Supreme Court properly imputed to the plaintiff an annual income of $127,000, and correctly directed him to pay $415 per week in child support. "In determining a parent's child support obligation, a court need not rely upon the parent's own account of his or her finances, but may impute income based upon the parent's past income or demonstrated earning potential" (*Baumgardner v Baumgardner*, 98 AD3d 929, 930 [2012]; *see Matter of Huddleston v Rufrano*, 98 AD3d 1046, 1047 [2012]; *Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]).

Additionally, the Supreme Court properly awarded to the defendant certain property located in Franklin, New York, as her separate property. This property had been acquired by the defendant before the parties' marriage, and improvements were made with the defendant's separate funds (*see* Domestic Relations Law § 236 [B] [1] [d] [1]; *Murphy v Murphy*, 4 AD3d 460, 461 [2004]).

However, the Supreme Court erred in directing the plaintiff to pay the defendant the sum of $6,000, which purportedly represented 20% of the increase in the value of certain property located in Somers, New York. There is no evidence to support the court's calculation of the increase in the value of this property. Although the Supreme Court directed the parties to complete an appraisal of that property, no such appraisal was conducted.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.