In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Nassau County (Zimmerman, J.), entered May 1, 2013, which, upon a decision of the same court (Gartenstein, J.H.O.), dated December 20, 2011, made after a nonjury trial, inter alla, granted the plaintiff a divorce on the ground of abandonment, equitably distributed certain marital property, awarded the plaintiff weekly nondurational maintenance in the sum of $300, and directed him to pay weekly child support in the sum of $928.46. Motion by the respondent, inter alla, to dismiss the appeal on the grounds that the appellant’s appendix contains an altered document and that the appendix is inadequate. By decision and order on motion dated August 27, 2013, that branch of the respondent’s motion which is to dismiss the appeal on the grounds that the appellant’s appendix contains an altered document and that the appendix is inadequate was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the branch of the motion which is to dismiss the appeal on the ground that the appendix is inadequate is granted to the extent the defendant challenges the weekly nondurational maintenance and child support awards, that branch of the motion is otherwise denied, and that branch of the motion which is to dismiss the appeal on the ground that the appellant’s appendix contains an altered document is denied; and it is further,
Ordered that the judgment is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
“ ‘An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant por *997 tians of the record in order to enable the court to render an informed decision on the merits of the appeal’ ” (Gandolfi v Gandolfi, 66 AD3d 834, 835 [2009], quoting NYCTL 1998-1 Trust v Shahipour, 29 AD3d 965, 965 [2006]; see Reale v Reale, 104 AD3d 747 [2013]; Mure v Mure, 92 AD3d 653 [2012]). “The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent” (22 NYCRR 670.10-b [c] [1]; see CPLR 5528 [a] [5]; Reale v Reale, 104 AD3d at 748). Here, the defendant omitted from his appendix relevant portions of the trial transcripts and trial exhibits. This omission “inhibit[s] the court’s ability to render an informed decision on the merits of the appeal” with regard to the issues of child support and maintenance (Matter of Embro v Smith, 59 AD3d 542, 542 [2009] [internal quotation marks omitted]; see Reale v Reale, 104 AD3d at 748). Accordingly, the appeal from so much of the judgment as awarded the plaintiff weekly nondurational maintenance in the sum of $300 and directed the defendant to pay weekly child support in the sum of $928.46 must be dismissed.
The defendant blatantly misrepresents that the complaint was not properly executed and verified by the plaintiff, and includes in his appendix a copy of a complaint that has been altered so as to delete the plaintiff’s signature. However, this Court has before it the original complaint, which was duly verified by the plaintiff’s own signature pursuant to CPLR 3020 (d). That complaint was served on the defendant’s counsel on January 27, 2007, and filed with the County Clerk of Nassau County on March 19, 2007.
The defendant’s contention that the “loss of the trial court record compels the dismissal of the present action” is devoid of merit and constitutes a material falsehood. The Supreme Court records are not lost and, in fact, have been provided to this Court.
The defendant’s remaining contentions are without merit. Rivera, J.E, Dickerson, Leventhal and Hall, JJ., concur.