[45 NYS3d 573]

In the Matter of LAWRENCE NKONGHO ETAH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 1, 2017

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*Lawrence Nkongho Etah*, Hempstead, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the petitioner) served the respondent with a verified petition dated October 21, 2014 containing three charges of professional misconduct. After prehearing conferences held on June 22, 2015 and August 3, 2015, and a hearing conducted on September 24, 2015, the Special Referee filed a report dated January 15, 2016 in which he declined to sustain charge one, and found that the respondent set forth no mitigating factors to explain his conduct which gave rise to charges two and three. The petitioner moves to confirm the Special Referee's findings with respect to charges two and three, to disaffirm the findings as to charge one, and to impose such discipline upon the respondent as the Court deems just and appropriate. By cross motion, the respondent asks this Court to affirm the Special Referee's findings as to charge one, and disaffirm the findings with respect to charges two and three, to dismiss the petitioner's motion as untimely, and to decline to impose any discipline. We find that the Special Referee improperly declined to sustain charge one, and that based upon the evidence adduced at the hearing, charge one should have been sustained, and charges two and three were properly sustained.

Charge one alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of the

former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), now rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), by utilizing his attorney trust account to assist his client in violating a court order, as follows:

In or about 2006, the respondent represented Jose A. Flores in a matrimonial action entitled *Claudia Deshuk-Flores v Jose A. Flores,* commenced in the Supreme Court, Nassau County, under index No. 201508/2006 (hereinafter the matrimonial action). During the course of the matrimonial action, the Honorable Angela G. Iannacci issued a preliminary conference order dated July 17, 2006, which, under a section entitled "Restraining Orders," stated, in relevant part:

> "Pending further order of this Court, neither party shall enter safe deposit box at Bank of New York, transfer, alienate, sell, mortgage, pledge or hypothecate any joint; marital; separate or business asset or property; neither party shall incur any debt except for ordinary and usual living expenses in the usual course of business of the parties."

On or about August 4, 2006, the respondent deposited the sum of $3,680, which he received in cash from Mr. Flores, into his attorney trust account maintained at JP Morgan Chase Bank (hereinafter the trust account). The respondent issued trust account check No. 1044, dated August 4, 2006, payable to "Mr. Walter Reed," in the sum of $4,000, to satisfy a business debt incurred by Mr. Flores.

On or about August 7, 2006, the respondent deposited into his trust account check No. 6001187677, dated July 24, 2006, issued by Pershing, a BNY Securities Group Co., payable to "Jose A. Flores," in the sum of $10,001.14, which represented the liquidation of Mr. Flores's individual retirement account. A few days later, the respondent issued trust account check No. 1045, dated August 10, 2006, payable to himself, in the sum of $11,001.14. This check represented, in part, the respondent's legal fees due from Mr. Flores in the sum of $6,000.14.

Charge two alleges that the respondent asserted frivolous claims in an appeal in that he knowingly asserted material factual statements that were false, in violation of rule 3.1 of the Rules of Professional Conduct (22 NYCRR 1200.0), and charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:

The factual specifications alleged in charge one are repeated and realleged herein. A judgment of divorce was issued in the matrimonial action by the Supreme Court, Nassau County (Zimmerman, J.), dated April 30, 2013 and entered May 1, 2013, which, upon a decision of the same court (Gartenstein, J.H.O.) dated December 20, 2011, made after a trial, granted the plaintiff a divorce on abandonment grounds, equitably distributed marital property, awarded the plaintiff mainte-nance, and directed Mr. Flores to pay child support.

Thereafter, in an appeal filed by the respondent with this Court, he argued that the complaint commencing the matrimo-nial action was not properly executed and verified. In support thereof, within Mr. Flores's appendix, the respondent submit-ted a copy of a verified complaint which did not contain the plaintiff's signature. The respondent further argued in the ap-peal that the action must be dismissed, because the trial court record had been lost.

By decision and order dated April 30, 2014, this Court found, in relevant part, as follows:

> "[Mr. Flores] blatantly misrepresents that the complaint was not properly executed and verified by the plaintiff, and includes in his appendix a copy of a complaint that has been altered so as to delete the plaintiff's signature. However, this Court has before it the original complaint, which was duly verified by the plaintiff's own signature pursuant to CPLR 3020 (d). That complaint was served on [Mr. Flores's] counsel on January 27, 2007, and filed with the County Clerk of Nassau County on March 19, 2007.
>
> "[Mr. Flores's] contention that the 'loss of the trial court record compels the dismissal of the present action' is devoid of merit and constitutes a material falsehood. The Supreme Court records are not lost and, in fact, have been provided to this Court" (*Deshuk-Flores v Flores*, 116 AD3d 996, 997 [2014]).

We find no merit to the respondent's request to dismiss the petitioner's motion as untimely. After the Special Referee is-sued his report dated January 15, 2016, this Court, by decision and order dated January 22, 2016, granted the motion of Gregory Dale Abram for leave to withdraw as counsel for the respondent in the disciplinary proceeding, and directed that no further proceedings shall be taken against the respondent until

the expiration of 30 days after service upon him of that decision and order on motion. We find that the petitioner timely filed the instant motion, and, therefore, that branch of the respondent's cross motion which is to dismiss the petitioner's motion is denied.

Based upon the evidence adduced at the hearing, we find that the Special Referee improperly declined to sustain charge one, and that charge one should have been sustained. It is undisputed that the respondent was aware of the July 17, 2006 preliminary conference order when he received funds from his client and deposited those funds into his trust account in August 2006, and that he disbursed those funds to pay the respondent's legal fees in connection with the matrimonial action and an immigration matter, as well as to pay the client's business loan. The purpose of the preliminary conference order, as noted by the Special Referee, is to "keep the status quo between the parties as to their respective finances so that the parties do not dissipate joint assets or separate property which might be a marital asset." The petitioner correctly argues that the funds the respondent received from his client were subject to the preliminary conference order. Based upon the foregoing, we conclude that the respondent engaged in conduct prejudicial to the administration of justice by utilizing his attorney trust account to assist his client in violating a court order, in violation of the former Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Concerning charges two and three, pursuant to the doctrine of collateral estoppel, the respondent was precluded from relitigating the factual specifications as set forth therein, and those charges were referred to the Special Referee solely on the issue of mitigation. In that regard, the Special Referee noted that the respondent "denied ever intentionally submitting false information to the [C]ourt in that he believed the complaint had not been properly verified and that he further believed that the trial court records had been lost." The Special Referee found, and we agree, that the respondent's statements are "simply [a] denial of any wrongdoing, which is beyond the scope of advancing mitigating factors to explain his behavior."

Accordingly, we grant the petitioner's motion to confirm in part and disaffirm in part the Special Referee's findings, deny the respondent's cross motion to confirm the Special Referee's findings as to charge one and to disaffirm the Special Referee's findings as to charges two and three, and sustain all charges.

In determining an appropriate sanction to impose, the respondent has not offered any evidence in mitigation; instead, he continues to claim that he has done nothing wrong, and requests that no discipline be imposed. The respondent used his attorney trust account to assist his client to violate the preliminary conference order, and knowingly asserted material factual statements that were false in an appeal before this Court. We conclude that the respondent's failure to appreciate the seriousness of his misconduct is a factor in aggravation.

Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of three years (*see Matter of Klarer*, 66 AD3d 247 [2009]).

ENG, P.J., RIVERA, DILLON, BALKIN and ROMAN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Lawrence Nkongho Etah, is suspended from the practice of law for a period of three years, commencing March 3, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 3, 2019. In such application (*see* 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred and suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Lawrence Nkongho Etah, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Lawrence Nkongho Etah, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).