■ WELLS FARGO BANK, N.A., Respondent, v HIN Y. LIMTUNG, Appellant, et al., Defendants. [58 NYS3d 115]—

In an action to foreclose a mortgage, the defendant Hin Y. Limtung appeals from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered February 4, 2015, as denied his motion to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered November 12, 2014, and appeals, by permission, from so much of the order as, sua sponte, directed a hearing to determine whether sanctions should be imposed upon him pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal is dismissed, with costs.

"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (*Gandolfi v Gandolfi*, 66 AD3d 834, 835 [2009] [internal quotation marks omitted]; *see NYCTL 1998-1 Trust v Shahipour*, 29 AD3d 965 [2006]; *Patel v Patel,* 270 AD2d 241 [2000]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 670.10.2 [c] [1]; *see* CPLR 5528 [a] [5]; *Deshuk-Flores v Flores*, 116 AD3d 996 [2014]).

The appellant argues that he is entitled to vacatur of the order and judgment of foreclosure and sale pursuant to CPLR 5015 (a) (1), (3), and (4), because, among other things, he was not served with the underlying motion. However, the appellant omitted the respondent's motion papers and any affidavits of service thereof from the appendix and supplemental appendix. Furthermore, the order appealed from states that the appellant previously filed successive motions for the same or similar relief, and that the motions were denied on their merits in prior orders dated September 22, 2009, January 22, 2010, and June 28, 2011, respectively, and the appellant has also omitted the Supreme Court's prior orders. The omission of these documents renders it virtually impossible to determine whether, as the respondent argues on appeal, the appellant's claims are barred by the doctrine of res judicata. Similarly, this Court is unable to determine whether the Supreme Court improvidently exercised its discretion in, sua sponte, directing a hearing on the issue of sanctions for failure to comply with the directives contained in the aforementioned prior orders. Accordingly, the appeal must be dismissed (*see Beizer v Swedish*, 125 AD3d 703 [2015]). Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.