Appeal from stated portions of a judgment of foreclosure and sale of the Supreme Court, Kings County (Bunyan, J.), dated March 12, 2015. The judgment, inter alia, confirmed a referee’s report and directed the sale of the subject premises.
 

 Ordered that the appeal is dismissed, with costs.
 

 “ ‘An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal’ ” (Wells Fargo Bank, N.A. v Limtung, 151 AD3d 1114, 1115 [2017], quoting Gandolfi v Gandolfi, 66 AD3d 834, 835 [2009]; see NYCTL 1998-1 Trust v Shahipour, 29 AD3d 965 [2006]; Patel v Patel, 270 AD2d 241 [2000]). “The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent” (22 NYCRR 670.10.2 [c] [1]; see CPLR 5528 [a] [5]; Wells Fargo Bank, N.A. v Limtung, 151 AD3d at 1115; Deshuk-Flores v Flores, 116 AD3d 996 [2014]).
 

 In this mortgage foreclosure action, the defendant Modupe Oyenuga appeals from a judgment of foreclosure and sale, raising issues, inter alia, regarding service of the summons and complaint and the plaintiff’s delay in moving for a default judgment. Oyenuga perfected the appeal by using the appendix method, but he did not include in the appendix the note and mortgage, the summons and complaint, the plaintiff’s motions for a default judgment and a judgment of foreclosure and sale, and all of the Supreme Court’s prior orders. The omission of these documents renders it impossible to determine any of the Oyenuga’s claims. Accordingly, the appeal must be dismissed (see Wells Fargo Bank, N.A. v Limtung, 151 AD3d at 1115).
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.