Grant v Gordon (2018 NY Slip Op 03508)





Grant v Gordon


2018 NY Slip Op 03508


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-00782
 (Index No. 75010/09)

[*1]Erwin E. Grant, appellant, 
v
Neville Gordon, et al., respondents, et al., defendant.


Bradley B. Davis, Massapequa, NY, for appellant.
Lee M. Nigen, Brooklyn, NY (Ellery Ireland of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to reform a deed, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 1, 2015. The order denied the plaintiff's motion, inter alia, pursuant to CPLR 4404 to set aside a verdict rendered after a nonjury trial and for judgment as a matter of law.
ORDERED that the appeal is dismissed, with costs.
"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (NYCTL 1998-1 Trust v Shahipour, 29 AD3d 965, 965 [internal quotation marks omitted]; see Gandolfi v Gandolfi, 66 AD3d 834, 835; Patel v Patel, 270 AD2d 241). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 670.10.2[c][1]; see CPLR 5528[a][5]; Deshuk-Flores v Flores, 116 AD3d 996).
Here, the appeal is from the denial of a posttrial motion, inter alia, pursuant to CPLR 4404 to set aside a verdict rendered after a nonjury trial and for judgment as a matter of law. The appendix does not contain the transcript of the trial, and the appellant did not otherwise provide the trial transcript to this Court. Under the circumstances presented, this Court is unable to render an informed determination on the merits of the appeal and, accordingly, the appeal must be dismissed (see Wells Fargo Bank, N.A. v Limtung, 151 AD3d 1114, 1115; Kumar v Chander, 149 AD3d 709, 712; Marin v Marin, 148 AD3d 1132, 1136; Town of Brookhaven v Mascia, 38 AD3d 758, 760; Matter of Passalacqua, 31 AD3d 648).
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court