Matter of Etah (2019 NY Slip Op 05980)





Matter of Etah


2019 NY Slip Op 05980


Decided on July 31, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SHERI S. ROMAN, JJ.


2017-06727

[*1]In the Matter of Lawrence Nkongho Etah, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Lawrence Nkongho Etah, respondent. (Attorney Registration No. 4232476)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. By decision and order on motion dated January 16, 2018, this Court, on its own motion, authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent based on his misdemeanor conviction. The Grievance Committee served the respondent with a verified petition dated January 25, 2018. The respondent served and filed a verified answer dated March 20, 2018. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated March 30, 2018, pursuant to 22 NYCRR 1240.8(a)(2), which was not challenged by the respondent. By decision and order on motion of this Court dated May 24, 2018, the issues raised were referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 21, 2004. In a separate proceeding under Appellate Division Docket No. 2014-02535, by opinion and order of this Court dated February 1, 2017, the respondent was suspended from the practice of law for a period of three years, commencing March 3, 2017 (see Matter of Etah, 148 AD3d 90).



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated January 25, 2018, containing two charges of professional misconduct. After a hearing on August 23, 2018, the Special Referee filed a report dated October 19, 2018, in which he sustained the charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent has not submitted papers in response or requested additional time in which to do so.
Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his fitness as an attorney, in violation of rule 8.4(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: By felony complaint sworn to on July 15, 2015, the respondent was charged in First District Court, Nassau County, Docket No. 2015NA014851, with assault in the second degree, in violation of Penal Law § 120.05, a class D felony. It was alleged that on July 7, 2015, the respondent,
"while engaged in a verbal altercation with the complainant, his ex-girlfriend, did intentionally throw the complainant into a chair [*2]multiple times causing a physical injury. During this assault this chair was used by the defendant as a dangerous instrument in order to inflict a physical injury. The defendant then did both kick and punch the complainant while she was on the ground. Due to this, the complainant suffered substantial pain throughout her body. The complainant received medical treatment at Winthrop University Hospital. The defendant stated to [a police detective,] A bitch comes into this office and disrespects you I'd expect you to do the same thing!'"
By short form order dated October 26, 2015, the felony complaint was converted to a misdemeanor information, pursuant to CPL 180.50, charging the respondent with assault in the third degree, in violation of Penal Law § 120.00(1), a class A misdemeanor.
On May 19, 2017, following a jury trial before the Honorable Susan Kluewer, a Judge of the District Court, Nassau County, the respondent was found guilty of assault in the third degree, in violation of Penal Law § 120.00(1), a class A misdemeanor. On August 20, 2017, the respondent was sentenced to 60 days' incarceration, 3 years' probation, surcharges totaling $200, and a DNA fee of $50.
Based upon the foregoing, charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as an attorney, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
We find that based on the evidence adduced, the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's unopposed motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, we have considered the gravity of the offense committed by the respondent. As revealed in the minutes from the sentencing proceeding, the respondent committed the assault at his law office and the assault was recorded on video. After viewing the video, Judge Kluewer described the assault, stating that the respondent "repeatedly kicked [the victim], beat her, [and] threw her across the room twice." While the respondent attempted to claim that he was the victim of the assault, Judge Kluewer found such claim to be "ridiculous." Although the respondent was given an opportunity at the disciplinary hearing to present evidence in mitigation, we find that he failed to do so, and that he showed no remorse for his actions.
Accordingly, in view of the gravity of the offense committed by the respondent, we find disbarment is warranted, and effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Lawrence Nkongho Etah, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Lawrence Nkongho Etah, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Lawrence Nkongho Etah, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Lawrence Nkongho Etah, has been issued a secure [*3]pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court