Manko v Gabay (2019 NY Slip Op 06076)





Manko v Gabay


2019 NY Slip Op 06076


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2014-06055
 (Index No. 22148/13)

[*1]Nella Manko, appellant, 
v
David A. Gabay, etc., et al., defendants, Bernard H. Broome, etc., respondent.


Nella Manko, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated April 25, 2014. The order, insofar as appealed from, granted the motion of the defendant Bernard H. Broome pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against him.
ORDERED that the appeal is dismissed, without costs or disbursements.
" An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal'" (Gandolfi v Gandolfi, 66 AD3d 834, 835, quoting NYCTL 1998-1 Trust v Shahipour, 29 AD3d 965, 965). "The appendix shall include those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 1250.7[d][1]; see CPLR 5528[a][5]; Deshuk-Flores v Flores, 116 AD3d 996).
The plaintiff argues that she is entitled to reversal of the order appealed from because, among other things, she was not served with the underlying motion papers. However, the plaintiff omitted the motion papers and any affidavits of service thereof from the appendix. The omission of these documents renders it virtually impossible to determine whether the order appealed from was entered upon the plaintiff's default. Accordingly, the appeal must be dismissed for failure to perfect the same in accordance with the CPLR and the rules of this Court (see CPLR 5528[a]; 22 NYCRR 1250.7[d][1]; Wells Fargo Bank, N.A. v Limtung, 151 AD3d 1114, 1114-1115).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court