Abouelhassan v Almehdawi (2019 NY Slip Op 08385)





Abouelhassan v Almehdawi


2019 NY Slip Op 08385


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-11958
 (Index No. 51458/13)

[*1]Khadija Abouelhassan, respondent,
v
Hisham Ahmed Almehdawi, appellant.


Anthony M. Bramante, Brooklyn, NY, for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Kings County (Esther M. Morgenstern, J.), dated September 23, 2016. The judgment, upon an order of the same court dated December 18, 2013, denying the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint, and a decision of the same court dated June 27, 2016, inter alia, granted the plaintiff's application to dissolve the parties' marriage.
ORDERED that the appeal is dismissed, without costs or disbursements.
As a general rule, we do not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal which was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). Here, the defendant appealed from an order dated December 18, 2013, which denied his motion pursuant to CPLR 3211(a) to dismiss the complaint. By decision and order on motion of this Court dated January 5, 2015, that appeal was dismissed for failure to prosecute. Under the circumstances of this case, the dismissal for lack of prosecution bars so much of the instant appeal as relates to the December 18, 2013, order (see Bray v Cox, 38 NY2d 350).
The remainder of the appeal must be dismissed for failure to compile an adequate appendix. "An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (NYCTL 1998-1 Trust v Shahipour, 29 AD3d 965, 965 [internal quotation marks omitted]; see Gandolfi v Gandolfi, 66 AD3d 834, 835; Patel v Patel, 270 AD2d 241). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 670.10.2[c][1]; see CPLR 5528[a][5]; Deshuk-Flores v Flores, 116 AD3d 996).
Here, the appellant contends that the Supreme Court erred in determining that the parties were validly married. The court's decision after trial indicates that the court received evidence at the trial on that issue, including the appellant's purported testimony that the marriage was "fake." However, the appellant's appendix does not contain any of the relevant trial transcripts and, therefore, is inadequate to enable this Court to render an informed decision on the merits.
Accordingly, the appeal must be dismissed.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court