Bank of N.Y. Mellon Trust Co., N.A. v McKenzie (2021 NY Slip Op 06144)





Bank of N.Y. Mellon Trust Co., N.A. v McKenzie


2021 NY Slip Op 06144


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-05620
 (Index No. 34051/12)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Kim McKenzie, appellant, et al., defendants.


Kim McKenzie, Wyandanch, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kim McKenzie appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated March 15, 2018. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeal is dismissed, without costs or disbursements.
"'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal'" (Wells Fargo Bank, N.A. v Oyenuga, 156 AD3d 743, 743, quoting Wells Fargo Bank, N.A. v Limtung, 151 AD3d 1114, 1115 [internal quotation marks omitted]; accord Manko v Gabay, 175 AD3d 483, 483). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 1250.7[d][1]; see CPLR 5528[a][5]; Manko v Gabay, 175 AD3d at 483; Wells Fargo Bank, N.A. v Oyenuga, 156 AD3d at 743).
Here, the appellant has perfected the appeal by using the appendix method, but has failed to include in the appendix the summons and complaint, the plaintiff's underlying motion papers, and all of the Supreme Court's prior orders that determined the underlying motions. The omission of these documents renders it impossible for this Court to make an informed decision on the merits of the appeal. Accordingly, the appeal must be dismissed (see Wells Fargo Bank, N.A. v Oyenuga, 156 AD3d at 743; Wells Fargo Bank, N.A. v Limtung, 151 AD3d at 1115; Kumar v Chander, 149 AD3d 709).
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court