■ THOMAS T. SWIFT, Appellant-Respondent, v BROADWAY NEON SIGN CORP., Respondent-Appellant. [26 NYS3d 482]—

In an action, inter alia, to recover damages for breach of an employment contract and a violation of Labor Law article 6, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Pines, J.), entered February 10, 2014, which, upon a decision of the same court dated November 26, 2013, made after a nonjury trial, is in favor of him and against the defendant in the principal sum of only $73,986, and the defendant cross-appeals from the judgment.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the appeal is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (*NYCTL 1998-1 Trust v Shahipour*, 29 AD3d 965, 965 [2006] [internal quotation marks omitted]; *see Deshuk-Flores v Flores*, 116 AD3d 996, 997 [2014]; *Gandolfi v Gandolfi*, 66 AD3d 834, 835 [2009]). The appellant failed to provide this Court with an appendix containing the trial transcript, which is necessary to review the judgment appealed from. Although this Court has been provided with the Supreme Court file, the file fails to remedy the deficiencies of the appendix because the file too lacks a significant portion of the trial transcript. Accordingly, we

dismiss the appeal for failure to perfect the same in accordance with the CPLR and the rules of this Court (*see* CPLR 5528 [a]; 22 NYCRR 670.10-b [c]).

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611 [2009]), as the defendant's brief does not request reversal of any portion of the judgment from which the cross appeal was taken. Mastro, J.P., Dillon, Miller and Barros, JJ., concur.