■ VLADIMIR SUDIT, Doing Business as VS INTERNATIONAL, Respondent, v ESTHER M. LABIN et al., Defendants, and CHAIM LAX et al., Appellants. [50 NYS3d 132]—

In an action to foreclose a mortgage, the defendants Chaim Lax and First Meridian Mortgage appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 14, 2014, which granted the plaintiff's motion to extend a notice of pendency.

Ordered that the order is affirmed, with costs.

The facts underlying this action are stated in our decision and order on a related appeal (*see Sudit v Labin*, 148 AD3d 1073 [2017] [decided herewith]), and are supplemented here only as necessary.

The plaintiff filed successive notices of pendency on the subject property to preserve his interests during the course of this, and prior, actions. The defendants Chaim Lax and First Meridian Mortgage (hereinafter together the appellants) contend that the Supreme Court erred in granting the plaintiff's motion to extend a notice of pendency since the motion was made after the prior notice of pendency had already expired. We disagree.

CPLR 6513 provides that a notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods "for good cause shown." The general rule is that the extension must be requested, and the extension order "filed, recorded and indexed," before expiration of the prior notice (CPLR 6513). " 'This is an exacting rule; a notice of pendency that has expired without extension is a nullity' "

(*Ampul Elec., Inc. v Village of Port Chester*, 96 AD3d 790, 791 [2012], quoting *Matter of Sakow*, 97 NY2d 436, 442 [2002]).

The general rule does not apply, however, to an action to foreclose a mortgage on real property. Instead, CPLR 6516 (a) specifically provides, in pertinent part, as follows: "In a foreclosure action, a successive notice of pendency may be filed to comply with section thirteen hundred thirty-one of the real property actions and proceedings law, notwithstanding that a previously filed notice of pendency in such action or in a previous foreclosure action has expired pursuant to section 6513 of this article."

Contrary to the appellants' contention, an action to foreclose an equitable mortgage constitutes a "foreclosure action" within the plain meaning of CPLR 6516 (a) (*see Sprague v Cochran*, 144 NY 104, 113 [1894]; *Citibank, N.A. v Kenney*, 17 AD3d 305, 308 [2005]). Therefore, the plaintiff was entitled to file a successive notice of pendency, notwithstanding the expiration of the earlier notice.

The parties' remaining contentions are without merit. Chambers, J.P., Austin, Hinds-Radix and Barros, JJ., concur.