OPINION OF THE COURT Denis J. Butler, J. It is ordered that this unopposed motion is determined as follows: Plaintiff in this foreclosure action was granted a judgment of foreclosure and sale by memorandum decision dated August 9, 2016, and judgment dated January 27, 2017. Plaintiff now moves unopposed for an order directing that plaintiff’s second notice of pendency against the subject real property, filed on June 2, 2016, be “successively filed, nunc pro tunc back to the date of expiration of the prior notice of pendency on October 28, 2013.” However, plaintiff does not articulate why it seeks the requested relief. Plaintiff’s original notice of pendency in this action, filed on October 28, 2010, expired on October 28, 2013. (See CPLR 6513.) As a general rule, extension of a notice of pendency requires a motion to the court and a showing of good cause, and such an application must be made prior to the expiration of the original notice of pendency. (Id.) However, plaintiff correctly cites CPLR 6516 (a) for the proposition that in a foreclosure action, such as here, a successive notice of pendency may be filed notwithstanding that a previously filed notice of pendency has already expired. Plaintiff filed such a successive notice of pendency here. Plaintiff does not articulate why any court order with respect to the notice of pendency is necessary. (See Sudit v Labin, 148 AD3d 1077, 1078 [2d Dept 2017] [“(P)laintiff was entitled to file a successive notice of pendency, notwithstanding the expiration of the earlier notice”].) Moreover, nunc pro tunc treatment is generally reserved for “correcting] irregularities in the entry of judicial mandates or like procedural errors,” and it may not be used to record a fact as of a prior date when it did not then exist. (Gletzer v Harris, 12 NY3d 468, 476 [2009], quoting Cornell v Cornell, 7 NY2d 164, 167 [1959].) Plaintiff articulates no reason why a nunc pro tunc order is appropriate here. Plaintiff having failed to demonstrate either the need for the requested relief, or entitlement to said relief under the law, plaintiff’s motion is denied.