DeMarco v DeMarco (2018 NY Slip Op 08463)





DeMarco v DeMarco


2018 NY Slip Op 08463


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-03922
 (Index No. 50361/11)

[*1]Louis DeMarco, appellant,
v
Diane DeMarco, respondent.


Karen B. Soren, Staten Island, NY (Mark Hanna of counsel), for appellant.
Barry Elisofon, Brooklyn, NY (Michael Coscia and Pamela A. Elisofon of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Richmond County (Barbara I. Panepinto, J.), dated March 17, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court (Peter F. DeLizzo, Ct. Atty. Ref.), dated March 27, 2014, and an amended decision of the same court (Peter F. DeLizzo, Ct. Atty. Ref.), dated March 17, 2015, made after a nonjury trial, awarded the defendant 50% of the marital portion of the plaintiff's pension and annuity and a credit for marital funds used to pay the mortgage on the marital residence, and declined to award the plaintiff any portion of a car insurance payout to the defendant.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The parties were married in 1992 and have two children. In 2011, the plaintiff commenced this action for a divorce and ancillary relief. Around the time this action was commenced, the defendant vacated the marital residence, and she did not live in the marital residence during the pendency of the action. Following a nonjury trial, the Supreme Court, inter alia, awarded the defendant 50% of the marital portion of the plaintiff's pension and annuity and a credit for marital funds used to pay the mortgage on the marital residence, and declined to award the plaintiff any portion of a car insurance payout to the defendant. The plaintiff appeals.
"The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Gafycz v Gafycz, 148 AD3d 679, 680 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in awarding the defendant her proportionate share of the plaintiff's pension and annuity accounts pursuant to the formula established in Majauskas v Majauskas (61 NY2d 481). The defendant met her burden of proving the value of the accounts (see Weidman v Weidman, 162 AD3d 720, 724; cf. Seckler-Roode v Roode, 36 AD3d 889, 890). Moreover, given the defendant's economic and noneconomic contributions to the long-term marriage, the court providently exercised its discretion in awarding [*2]the defendant 50% of the marital portion of the accounts (see Fields v Fields, 15 NY3d 158, 162; Wagner v Dunetz, 299 AD2d 347, 349). Additionally, the court providently applied the funds distributed from the annuity during the pendency of the litigation to the plaintiff's share of the annuity. We agree with the court's determination that the defendant was entitled to a credit for her equitable share of the marital funds that were used to make mortgage payments on the marital residence, which is the plaintiff's separate property (see Davidman v Davidman, 97 AD3d 627, 628; Carney v Carney, 202 AD2d 907, 908-909).
We disagree with the defendant's contention that this appeal should be dismissed on the ground that the plaintiff submitted an inadequate appendix, as we find the appendix to be adequate (see Pucci v Trabulsy, 161 AD3d 1117, 1119; cf. Swift v Broadway Neon Sign Corp., 137 AD3d 893). We also decline the defendant's request to impose a sanction against the plaintiff or his counsel for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court