U.S. Bank Trust, N.A. v Green-Stevenson (2022 NY Slip Op 05177)

U.S. Bank Trust, N.A. v Green-Stevenson

2022 NY Slip Op 05177

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-03857
2019-03858
 (Index No. 523542/17)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Deloise Green-Stevenson, et al., appellants, et al., defendants.

Deloise Green-Stevenson and Anthony Stevenson III, Brooklyn, NY, appellants pro se.
Cohn & Roth, LLC, Mineola, NY (Kevin T. MacTiernan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Deloise Green-Stevenson and Anthony Stevenson III appeal from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 5, 2018, and (2) an order of the same court dated January 23, 2019. The order dated December 5, 2018, denied those defendants' motion to cancel the notice of pendency and separate motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them. The order dated January 23, 2019, denied those defendants' four separate motions, inter alia, for leave to enter a default judgment on the counterclaims asserted in their proposed third amended answer and pursuant to CPLR 3025(b) for leave to serve a fourth amended answer.
ORDERED that the appeal from so much of the order dated December 5, 2018, as denied the motion of the defendants Deloise Green-Stevenson and Anthony Stevenson III, in effect, for summary judgment dismissing the complaint insofar as asserted against them and the appeal from the order dated January 23, 2019, are dismissed; and it is further,
ORDERED that the order dated December 5, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On April 19, 2007, Deloise Green-Stevenson executed a note in the sum of $570,400 in favor of Quicken Loans, Inc. The note was secured by a mortgage on real property located in Brooklyn. The mortgage was executed by Green-Stevenson and her husband, Anthony Stevenson III (hereinafter together the defendants).
On June 15, 2009, BAC Home Loans Servicing, LP (hereinafter BAC), commenced an action against the defendants, among others, to foreclose the mortgage (hereinafter the 2009 action) and filed a notice of pendency. In an order dated September 27, 2013, the Supreme Court, upon consent, directed dismissal of the 2009 action without prejudice and directed the Kings County Clerk to cancel the notice of pendency.
On December 7, 2017, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage and filed a notice of pendency. The defendants served a pro se answer and, shortly thereafter, a pro se amended answer in which they asserted various affirmative defenses.
In January 2018, the defendants moved to cancel the notice of pendency filed in this action. The plaintiff opposed the motion. Thereafter, the defendants made five additional motions, seeking, inter alia, in effect, summary judgment dismissing the complaint insofar as asserted against them for lack of standing, leave to enter a default judgment on the counterclaims asserted in their proposed third amended answer, and pursuant to CPLR 3025(b) for leave to serve a fourth amended answer. In an order dated December 5, 2018, the Supreme Court denied the defendants' motion to cancel the notice of pendency and their third motion, which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. In an order dated January 23, 2019, the court denied the defendants' second, fourth, fifth, and sixth motions. The defendants appeal from both orders.
CPLR 6512 provides, in relevant part, that "[a] notice of pendency is effective only if, within thirty days after filing, a summons is served upon the defendant." A notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods "for good cause shown" (id. § 6513; see Sudit v Labin, 148 AD3d 1077, 1077). "The general rule is that the extension must be requested, and the extension order 'filed, recorded and indexed,' before expiration of the prior notice (CPLR 6513)" (Sudit v Labin, 148 AD3d at 1077). "[A] notice of pendency that has expired without extension is a nullity" (Matter of Sakow, 97 NY2d 436, 442 [internal quotation marks omitted]). CPLR 6516(c) provides that, "[e]xcept as provided in [CPLR 6516(a)], a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property has been cancelled or vacated or had expired or become ineffective." However, as an exception to the general rule, CPLR 6516(a) provides that, "[i]n a foreclosure action, a successive notice of pendency may be filed to comply with [RPAPL 1331], notwithstanding that a previously filed notice of pendency in such action or in a previous foreclosure action has expired pursuant to [CPLR 6513] or has become ineffective because service of a summons had not been completed within the time limited by [CPLR 6512], whether or not such expiration or such ineffectiveness has been determined by the court."
RPAPL 1331 provides, in relevant part, that at least 20 days before a final judgment directing a sale in a mortgage foreclosure action, the plaintiff must file "a notice of the pendency of the action" (see Nationstar Mtge. LLC v Dessingue, 155 AD3d 1152, 1153).
Here, BAC filed a notice of pendency on June 15, 2009, when it commenced the 2009 action, which would have expired three years later, on June 15, 2012. There is no indication in the record that BAC moved to extend the notice of pendency. Moreover, in the order dated September 27, 2013, the Supreme Court directed the Kings County Clerk to cancel the notice of pendency.
Contrary to the defendants' contention, the plaintiff did not improperly file a successive notice of pendency when it filed the notice of pendency in this action, since CPLR 6516(a) specifically provides that a successive notice of pendency may be filed under the circumstances present here (see Sudit v Labin, 148 AD3d at 1078). Accordingly, the Supreme Court properly denied the defendants' motion to cancel the notice of pendency filed in this action.
The remainder of the appeal from the order dated December 5, 2018, as well as the appeal from the order dated January 23, 2019, must be dismissed. "An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (Swift v Broadway Neon Sign Corp., 137 AD3d 893, 893 [internal quotation marks omitted]; see NYCTL 1998-1 Trust v Shahipour, 29 AD3d 965, 965). "The appendix shall include those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 1250.7[d][1]; see CPLR 5528[a][5]; Bank of N.Y. Mellon [*2]Trust Co., N.A. v McKenzie, 199 AD3d 741, 742; Abouelhassan v Almehdawi, 177 AD3d 831).
Here, the appendix does not include the summons and complaint, or all of the motion papers and supporting exhibits needed to review the determinations of the defendants' remaining motions. Therefore, the appendix is inadequate to allow this Court to render an informed decision on the merits of the remaining issues raised on these appeals (see Zhao v Na Chan, 157 AD3d 878, 879).
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court