Bank of N.Y. Mellon Trust Co., N.A. v Hudson (2025 NY Slip Op 03033)

Bank of N.Y. Mellon Trust Co., N.A. v Hudson

2025 NY Slip Op 03033

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-10400
 (Index No. 703566/15)

[*1]Bank of New York Mellon Trust Company, N.A., etc., appellant, 
v
Howard Hudson, etc., respondent, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Jeremy D. Kaufman and Joseph F. Battista of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 16, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were to confirm the referee's report, for a judgment of foreclosure and sale, and to deem successive notices of pendency timely filed.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's unopposed motion which were to confirm the referee's report, for a judgment of foreclosure and sale, and to deem successive notices of pendency timely filed are granted.
On January 26, 2009, Una F. Hudson (hereinafter the decedent) executed a note in the sum of $540,000, which was secured by a mortgage on real property located in Queens. The note was recorded on February 5, 2009. The decedent died on December 23, 2014, at which point the note became due in the amount of $528,121.16. The decedent's estate did not pay the balance due.
In April 2015, the plaintiff's predecessor in interest, OneWest Bank, N.A. (hereinafter OneWest), commenced this action against the defendants to foreclose the mortgage. Simultaneously with the commencement of this action, OneWest filed a notice of pendency. None of the defendants appeared or interposed an answer, and OneWest subsequently moved, among other things, for leave to enter a default judgment against the defendants and for an order of reference. On April 14, 2018, the notice of pendency expired, and OneWest did not file a new notice of pendency until May 15, 2018.
In December 2018, OneWest assigned the mortgage to the plaintiff. In April 2019, the Supreme Court, inter alia, granted the motion, among other things, for leave to enter a default judgment against the defendants and for an order of reference and substituted the plaintiff in place of OneWest. The plaintiff filed a third notice of pendency on May 3, 2021.
In October 2022, the plaintiff moved, inter alia, to confirm the referee's report, for a judgment of foreclosure and sale, and to deem the successive notices of pendency timely filed. In [*2]an order entered May 16, 2023, the Supreme Court denied the plaintiff's unopposed motion. The court determined that the notice of pendency filed in May 2018 by OneWest was untimely filed and a nullity and, as a result, the notice of pendency filed by the plaintiff in May 2021 was also a nullity. The plaintiff appeals.
Contrary to the Supreme Court's conclusion, "the general rule prohibiting the filing of a successive notice of pendency did not preclude the filing of" the plaintiff's notices of pendency filed in May 2018 and May 2021 (Bank of Am., N.A. v Green, 208 AD3d 1143, 1145). "CPLR 6516(c) provides that '[e]xcept as provided in [CPLR 6516(a)], a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property had been cancelled or vacated or had expired or become ineffective'" (id., quoting CPLR 6516[c]). However, "[i]n a foreclosure action, a successive notice of pendency may be filed to comply with [RPAPL 1331], notwithstanding that a previously filed notice of pendency in such action or in a previous foreclosure action has expired" (CPLR 6516[a]; see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1203-1204; Bank of Am., N.A. v Green, 208 AD3d at 1145; Sudit v Labin, 148 AD3d 1077, 1078).
Here, as this is a foreclosure action, the plaintiff was entitled to file a notice of pendency to comply with RPAPL 1331, which requires a plaintiff to file a notice of pendency in the action at least 20 days before a final judgment directing a sale is rendered, notwithstanding that a prior notice of pendency had been filed against the property and had expired (see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1204; Bank of Am., N.A. v Green, 208 AD3d at 1145; Sudit v Labin, 148 AD3d at 1078).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's unopposed motion which was to deem the successive notices of pendency timely filed.
Additionally, since the referee's findings with regard to the amount due under the note
and mortgage and whether the property could be sold in one parcel are substantially supported by the record, the Supreme Court should have granted those branches of the plaintiff's unopposed motion which were to confirm the referee's report and for a judgment of foreclosure and sale (see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 823).
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court