Wells Fargo Bank, N.A. v Russo (2025 NY Slip Op 04597)

Wells Fargo Bank, N.A. v Russo

2025 NY Slip Op 04597

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-11995
 (Index No. 714407/17)

[*1]Wells Fargo Bank, National Association, appellant,
v
James Russo, etc., et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Jeremy D. Kaufman, Joseph F. Battista, and Margarita Gaitas of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 2, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were to confirm a referee's report and for a judgment of foreclosure and sale.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the plaintiff's unopposed motion which were to confirm the referee's report and for a judgment of foreclosure and sale are granted.
In October 2017, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Howard Beach and filed a notice of pendency against the property. The plaintiff filed an amended notice of pendency on March 18, 2020. In an order entered April 18, 2023, the Supreme Court, inter alia, appointed a referee to compute the amount due to the plaintiff. A referee's report was issued on May 5, 2023. The plaintiff filed another notice of pendency on July 3, 2023. In September 2023, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants did not oppose the motion. In an order entered November 2, 2023, the court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
As the plaintiff correctly contends, the Supreme Court should not have denied that branch of its motion which was for a judgment of foreclosure and sale based upon a determination that the notice of pendency filed on July 3, 2023, was a nullity. "A notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods 'for good cause shown'" (U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1203, quoting CPLR 6513; see Sudit v Labin, 148 AD3d 1077, 1077). "The general rule is that the extension must be requested, and the extension order 'filed, recorded and indexed,' before expiration of the prior notice" (Sudit v Labin, 148 AD3d at 1077, quoting CPLR 6513). "[A] notice of pendency that has expired without extension is a nullity" (Matter of Sakow, 97 NY2d 436, 442 [internal quotation marks omitted]). "CPLR 6516(c) provides that[,] '[e]xcept as provided in [CPLR 6516(a)], a notice of pendency may not be filed in any action in which a previously filed notice of pendency affecting the same property has been cancelled or vacated or had expired or become ineffective.' However, as an exception to the general rule, CPLR 6516(a) provides that, '[i]n a foreclosure action, a successive notice of pendency may be filed to comply with [RPAPL 1331], notwithstanding that a [*2]previously filed notice of pendency in such action or in a previous foreclosure action has expired pursuant to [CPLR 6513]'" (U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1203-1204).
RPAPL 1331 provides, in relevant part, that "at least 20 days before a final judgment directing a sale in a mortgage foreclosure action, the plaintiff must file 'a notice of pendency of the action'" (U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1204).
Here, the plaintiff filed an amended notice of pendency on March 18, 2020, which would have expired three years later, on March 18, 2023 (see CPLR 6513; U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1203). Contrary to the Supreme Court's determination, the plaintiff did not improperly file a successive notice of pendency when it filed a notice of pendency on July 3, 2023, since CPLR 6516(a) specifically provides that a successive notice of pendency may be filed under the circumstances present here (see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1203; Bank of Am., N.A. v Green, 208 AD3d 1143, 1145).
Moreover, the plaintiff demonstrated its entitlement to confirmation of the referee's report and a judgment of foreclosure and sale by submitting both evidence establishing the merits of its unopposed motion and the referee's findings and report (see DLJ Mtge. Capital, Inc. v Ramnarine, 177 AD3d 854, 855).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's unopposed motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court