US Bank Trust N.A. v Lindgren (2025 NY Slip Op 51911(U))

[*1]

US Bank Trust N.A. v Lindgren

2025 NY Slip Op 51911(U)

Decided on December 5, 2025

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
Supreme Court, Suffolk County

US Bank Trust National Association as Trustee of the Yurt Series III Trust, Plaintiff,

against
Leif Lindgren as Trustee of the Paul J. Olivieri Revocable Trust; Valerie Olivieri; Kelly Olivieri; 
 Joseph P. Olivieri; Amanda Olivieri; the Public Administrator of Suffolk County; 
 Clerk of the Suffolk County Traffice & Parking Violations Agency; and Shoreham Village Justice Court, Defendants.

Index No. 605522/2019

PLAINTIFF'S ATTORNEY:
Friedman Vartolo LLP
85 Broad Street, Suite 501
New York, New York 10004
DEFENDANT VALERIE OLIVERI'S ATTORNEY:
The Yitzhak Law Group
One Linden Place, Suite 406
Great Neck, New York 11021

C. Stephen Hackeling, J.

Upon the following papers read on this motion to vacate the judgment of foreclosure and sale, stay and restrain plaintiff from conducting or proceeding with a foreclosure sale: Notice of Motion/Order to Show Cause and supporting papers NYSCEF Doc. Nos. 201-208; Notice of Cross-Motion and supporting papers; Answering Affidavits and supporting papers: NYSCEF Doc. Nos. 209-210; Replying Affidavits and supporting papers; Other; it is
ORDERED, that Valerie Olivieri's ("Defendant") order to show cause (Mot. Seq. No. 006) for an order vacating the judgment of foreclosure and sale and for a stay of any foreclosure sale is denied in its entirety; and it is further
ORDERED, that a foreclosure sale of the subject premises should proceed without delay.
DECISION
Defendant, by her attorney, moves by order to show cause to stay the December 9, 2025 foreclosure sale of the residential property located at 18 Suffolk Down, Shoreham, New York. She also seeks to vacate the judgment of foreclosure and sale that was entered over one year ago [*2](hereafter the "Judgment"). She argues that the Judgment is procedurally defective and must be vacated because plaintiff failed to properly serve the amended notice of pendency. Defendant's argument lacks merit. While it is true that failure to serve the summons within 30 days after filing the notice of pendency warrants dismissal of the action (see NYCTL 1999-1 Trust v Chalom, 47 AD3d 779 (2d Dept. 2008), there is no statutory support for Defendant's argument that a successive notice of pendency must be served on Defendant. Indeed, Defendant failed to provide any statutory authority or case law requiring plaintiff to ever serve the notice of pendency or an amended or supplemental notice of pendency.
CPLR 6512 provides, in part, that "[a] notice of pendency is effective only if, within thirty days after filing, a summons is served upon the defendant." (emphasis added). A notice of pendency is valid for three years from the date of filing and may be extended for additional three-year periods "for good cause shown" (see Sudit v Labin, 148 AD3d 1077 2d Dept. 2017).
CPLR 6516(a) provides that successive notices of pendency may be filed in a mortgage foreclosure action if an earlier notice expired or otherwise became ineffective to enable a plaintiff to comply with RPAPL 1331.
Article 13 of the Real Property Actions and Proceedings Law ("RPAPL") governs mortgage foreclosure actions. RPAPL 1331 requires that "at least twenty days before a final judgment directing a sale is rendered, [plaintiff] shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording."
Neither CPLR 6512, CPLR 6516(a) nor RPAPL 1331 require plaintiff to serve the notice of pendency (or successive notices of pendency). Importantly, these statutes require plaintiff to serve the summons to notify defendant that his/her right to transfer the property may be hindered because of the pending lawsuit. In contrast, filing the notice of pendency with the County Clerk (in contrast to serving the summons on defendant) puts the world on constructive notice that an action has been commenced that may affect title to the property and anyone who wishes to acquire title to that property does so subject to - and bound by - all proceedings taken in the action to the same extent as a party. CPLR 6501. Requiring service of a successive notice of pendency on a defendant serves no purpose. Refiling the successive notice of pendency gives constructive notice to potential interested parties that title to the subject property is subject to a pending action.
Here, plaintiff filed a notice of pendency on March 21, 2019, when it commenced this action [NYSCEF Doc. Nos. 1-7] which notice expired three years later, on March 21, 2022. In accordance with CPLR 6516(a), plaintiff properly—and before its expiration—filed a successive notice of pendency on April 29, 2022 [NYSCEF Doc. No. 62]. Defendant cites to no case law or statutory provision requiring service of either the notice of pendency or successive notice of pendency. The only cases cited by Defendant stand for the proposition that a notice of pendency is invalid when the summons is not served within 30 days after filing the notice of pendency. This Court agrees. Defendant does not however allege that plaintiff failed to serve the summons within 30 days after filing the notice of pendency only that plaintiff failed to serve a successive notice of pendency (see NYSCEF Doc. No. 8 evidencing that Defendant was timely served with the summons and complaint on March 30, 2019 in compliance with CPLR 6512)
Contrary to the defendant's contention, failure to serve a successive notice of pendency does not deprive this Court of jurisdiction to render the judgment of foreclosure and sale. [*3]Defendant's argument lacks merit and fails to support her request to vacate the judgment and stay the foreclosure sale. CPLR 6516(a) specifically provides that a successive notice of pendency may be filed in a foreclosure case enabling plaintiff to comply with RPAPL 1331. That is exactly what plaintiff did in this case.
Dated: December 5, 2025
HON. C. STEPHEN HACKELING, J.S.C.